MERCEDITH LEATHERWOOD BACON v. ROBERT LEATHERWOOD, III AND
MAGGIE M. LEATHERWOOD

No. 8030SC781

(Filed 16 June 1981)

**Appeal and Error § 6.2— dismissal of claim against one defendant—premature appeal**

   Where plaintiff's complaint sought a declaratory judgment as to the marketability of title of property under a deed tendered by the male defendant to plaintiff, plaintiff's action against the male defendant was based upon his alleged violation of the terms of a divorce judgment by failing to deliver to plaintiff a warranty deed free from exception conveying their former home, and plaintiff's action against the feme defendant was based upon her failure to sign the deed tendered by the male defendant and her alleged attempt to harass plaintiff and cause her additional expenses by not joining in the deed, plaintiff could not immediately appeal from the trial court's order dismissing the action as to the male defendant for failure to state a claim for relief since the trial court failed to indicate that there was "no just reason for delay" pursuant to G.S. 1A-1, Rule 54(b), and since the court's order did not affect any substantial right of the plaintiff within the meaning of G.S. 1-277 or G.S. 7A-27(d).

   APPEAL by plaintiff from *Cornelius, Judge.* Order entered 18 June 1980 in Superior Court, SWAIN County. Heard in the Court of Appeals 4 March 1981.

   This is an action for declaratory judgment in which plaintiff asked the superior court to determine whether a deed from defendant, Robert Leatherwood, III, to plaintiff conveyed good title to plaintiff.

   Plaintiff's complaint filed 19 November 1979 delineated the following facts. Plaintiff and defendant, Robert Leatherwood, III, formerly husband and wife, were divorced by judgment entered 18 June 1976 in an action entitled *Robert J. Leatherwood, III v. Mercedith Leatherwood.* Robert Leatherwood was given possession of the marital home, but the judgment of divorce gave Mercedith Leatherwood, plaintiff herein, the right of first refusal to purchase the home should Robert Leatherwood decide to sell it. The judgment provided that plaintiff herein was to have the privilege of purchasing the home at the same price offered to Robert Leatherwood in any written and signed contract to purchase. Plaintiff herein was to exercise the right given her by

"delivering and tendering the full purchase price therefor within two weeks" after Robert Leatherwood received an offer.

On 28 September 1979 plaintiff received notice from defendant, Robert Leatherwood, advising her of an offer of $27,000 he had received for the home. In response, plaintiff exercised her purchase option and tendered a check payable in the amount of $27,000 to defendant, Robert Leatherwood, on 1 October 1979. Subsequently, the potential purchaser of the home, J. Robert Varner, increased by $1,350 the amount of his offer to purchase defendant's property. Thereafter, plaintiff, under protest, tendered a check payable to defendant Robert Leatherwood, to Attorney Fred H. Moody, Jr., in the amount of $1,350. Plaintiff advised Moody that she was making her second payment under protest and demanded that a deed to the property be delivered to her.

Moody obtained a warranty deed for the property from defendant, Robert Leatherwood, in return for the $27,000 check. This deed was properly recorded. This deed was not signed by defendant, Maggie Leatherwood, and it contained an exception as to any interest she might possess.

On 15 October 1979 plaintiff advised Moody that she would not accept a deed without the signature of defendant Maggie Leatherwood then wife of Robert Leatherwood, because the failure of defendant, Maggie Leatherwood, to join in the conveyance releasing any marital interest she might have, created a cloud upon the title.

Plaintiff was advised that she would receive a deed from Maggie Leatherwood if she would tender to Maggie Leatherwood a new check for $1,350, payable to Maggie Leatherwood. Plaintiff's second check for $1,350, payable to Robert Leatherwood, would then be returned to plaintiff.

Plaintiff, in her first cause of action, asked the court to determine whether the deed from Robert Leatherwood to her conveyed good title, since the deed contained an exception as to his wife's interest and was not joined in by his wife, Maggie Leatherwood.

As a second cause of action plaintiff alleged that defendant Robert Leatherwood's failure to convey a warranty deed without

any exception upon payment by plaintiff for the property constituted a violation of the terms of the divorce judgment of 18 June 1976. Plaintiff asked the court to require defendant Robert Leatherwood to tender to her a valid warranty deed free from exceptions, and in addition award her damages in the amount of $5,000 for willful harassment and time lost from her employment.

On 17 January 1980 defendant, Robert Leatherwood, made a motion to dismiss pursuant to G.S. 1A-1, Rule 12(b)(6) as to both of plaintiff's causes of action.

Defendant, Maggie Leatherwood, likewise, filed a motion to dismiss plaintiff's complaint as to her, pursuant to G.S. 1A-1, Rule 12(b)(6). Maggie Leatherwood filed her answer to plaintiff's complaint. In addition, she filed a counterclaim alleging that statements made by plaintiff in her complaint were false and libelous causing damage to defendant's reputation. Maggie Leatherwood asked the court to award her actual and punitive damages.

The court issued an order on 18 June 1980 in which it found that as to defendant, Robert Leatherwood, plaintiff's complaint did not contain a statement of a claim upon which relief could be granted. The court granted defendant Robert Leatherwood's motion to dismiss plaintiff's complaint insofar as it pertained to him. Plaintiff gave notice of appeal from the court's order.

*Riddle, Shackelford and Hyler, by Robert E. Riddle, for plaintiff appellant.*

*Herbert L. Hyde for defendant appellee, Robert Leatherwood, III.*

*McKeever, Edwards, Davis and Hays, by Fred H. Moody, Jr., for defendant appellee, Maggie M. Leatherwood.*

MORRIS, Chief Judge.

The right of an appellant to appeal a decree of a trial court is circumscribed by G.S. 1A-1, Rule 54(b) which provides:

(b) *Judgment upon multiple claims or involving multiple parties.* — When more than one claim for relief is presented in an action, whether as a claim, counterclaim, crossclaim, or third-party claim, or when multiple parties are involved, the court

Bacon v. Leatherwood

may enter a final judgment as to one or more but fewer than all of the claims or parties only if there is no just reason for delay and it is so determined in the judgment. Such judgment shall then be subject to review by appeal or as otherwise provided by these rules or other statutes. In the absence of entry of such a final judgment, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties shall not terminate the action as to any of the claims or parties and shall not then be subject to review either by appeal or otherwise except as expressly provided by these rules or other statutes. Similarly, in the absence of entry of such a final judgment, any order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties.

However, G.S. 1A-1, Rule 54(b) does not limit an appellant's right to appeal when the trial court's decree is appealable under other statutory provisions, notably, G.S. 1-277 and G.S. 7A-27(d). *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E. 2d 443 (1979); *Newton v. Insurance Co.*, 291 N.C. 105, 229 S.E. 2d 297 (1976); *Oestreicher v. Stores*, 290 N.C. 118, 225 S.E. 2d 797 (1976). In brief, these statutes allow the immediate appeal of an interlocutory judicial determination if the judicial determination which is the subject of the appeal affects a substantial right claimed in the action or proceeding; or in effect determines the action, and prevents a judgment from which an appeal might be taken; or discontinues the action; or grants or refuses a new trial.

An interlocutory order was aptly defined by Justice Ervin, as, "one made during the pendency of an action, which does not dispose of the case, but leaves it for further action by the trial court in order to settle and determine the entire controversy. *Johnson v. Roberson*, 171 N.C. 194, 88 S.E. 231." *Veazey v. Durham*, 231 N.C. 357, 362, 57 S.E. 2d 377, 381 (1950). In the instant case the order of the trial court from which plaintiff appeals was interlocutory.

Plaintiffs sued two parties, the husband and wife. Under G.S. 1A-1, Rule 54(b) the trial court may enter a final judgment as to one of those parties but not the other, and that judgment will not

be immediately appealable unless the trial court so specifies. In the trial court's order of 18 June 1980 dismissing plaintiff's action insofar as it applied to Robert Leatherwood the court gave no indication that there was "no just reason for delay." Therefore, under G.S. 1A-1, Rule 54(b) this appeal is interlocutory and premature.

Nor does plaintiff's case fall within the exceptions of G.S. 1-277 or G.S. 7A-27(d). We are unaware of, and plaintiff has not indicated, how the trial court's order has affected any "substantial right" of plaintiff's or how the order could have in effect determined this action, prevented a judgment from which an appeal might be taken, discontinued the action, or granted or refused a new trial.

Plaintiff, in her complaint, asked the court for a declaratory judgment with regard to the marketability of the property under the deed which defendant, Robert Leatherwood, had tendered her. Insofar as her action involves this request for a declaratory judgment it does not directly implicate or affect either of defendants.

Plaintiff's action, insofar as it pertains to defendant Robert Leatherwood, is based upon his alleged violation of the terms of the 18 June 1976 judgment by which plaintiff and Robert Leatherwood were divorced. She claims his failure to deliver to her a warranty deed free from exception conveying their former home, she having tendered to him the established purchase price of the home, violated the terms of that judgment. In comparison, plaintiff's action insofar as it pertains to the feme defendant is based upon that defendant's failure to sign the deed to the property despite the fact that she signed the contract to sell the property to plaintiff for $27,000. In addition, plaintiff's complaint alleges that Maggie Leatherwood contrived with her husband in a willful attempt to harass plaintiff and cause her additional expenses by not joining in the deed. Thus, plaintiff's action is not of such a nature that the court's dismissal of the male defendant affects the "substantial rights" of plaintiff or causes the occurrence of the other contingencies specified in the statutes. Plaintiff can continue with her action against defendant, Maggie Leatherwood. In addition, plaintiff's rights are fully and adequately protected by her exception to the trial court's order of dismissal of defendant,

Robert Leatherwood, which she may assign as error should final judgment go against her.

For these reasons we think that plaintiff's appeal was interlocutory. Consequently, her appeal is

Dismissed.

Judges MARTIN (Robert M.) and WHICHARD concur.