HUGH W. JOHNSTON AND AUDREY S. JOHNSTON, PLAINTIFFS v. ROYAL INDEMNITY COMPANY, DEFENDANT

No. 9127SC809

(Filed 6 October 1992)

**Appeal and Error § 87 (NCI4th) — judgment determining breach of contract — damages unresolved — interlocutory appeal**

A judgment which determines only that there has in fact been a breach of contract by defendant and leaves unresolved the issue of plaintiffs' damages is clearly an interlocutory order which does not affect a substantial right and is not appealable.

**Am Jur 2d, Appeal and Error §§ 50, 53, 62.**

APPEAL by defendant from *Caviness (Loto G.), Judge.* Order entered 13 May 1991 in Superior Court, GASTON County. Heard in the Court of Appeals 14 September 1992.

Plaintiffs instituted this civil action by filing a complaint wherein they alleged that defendant had issued a multi-peril insurance policy which covered a building owned by plaintiffs located in Gastonia, North Carolina and which was in full force and effect at the time the building was damaged as the result of a severe rain storm. The complaint stated that defendant refused coverage of the damage and prayed the court for judgment against defendant in excess of $10,000. Defendant's answer denied that the policy issued to plaintiffs provided coverage for the particular damage suffered.

When the matter came on for hearing, the trial judge heard the evidence and argument of counsel without a jury. The court thereafter issued extensive findings of fact and conclusions of law and held that the damage to plaintiffs' building was covered by the policy issued by defendant. The court further stated in its order that "the matter of damages is held open pending a request by either party to be placed on the calendar for determination." Defendant filed notice of appeal following the entry of this order and there has to date been no determination of the issue of damages.

*Don H. Bumgardner and William K. Goldfarb for plaintiffs, appellees.*

*Dean & Gibson, by Rodney Dean, and Michael G. Gibson, for defendant, appellant.*

## JOHNSTON v. ROYAL INDEMNITY CO.

[107 N.C. App. 624 (1992)]

HEDRICK, Chief Judge.

Defendant assigns as error the ruling by the trial judge that the insurance policy issued by defendant to plaintiff provided coverage for the damage suffered to the building located in Gastonia, North Carolina as the result of a severe rain storm. We do not, however, address that issue as we find that this appeal is not taken from a final judgment and must therefore be dismissed.

Plaintiffs' complaint sets forth a claim for a breach of contract and requests that the trial court enter judgment against defendant for the damages resulting from this breach. A judgment which determines only that there has in fact been a breach by defendant and leaves unresolved the issue of plaintiffs' damage is clearly an interlocutory order. G.S. § 1-277; G.S. § 7A-27; *Industries, Inc. v. Insurance Co.*, 296 N.C. 486, 251 S.E.2d 443 (1979); *Bacon v. Leatherwood*, 52 N.C. App. 587, 279 S.E.2d 86 (1981). While G.S. § 1-277 and § 7A-27 allow appeals of interlocutory orders which "affect a substantial right" of the party seeking to appeal, the Supreme Court has held that an order determining only the issue of liability and leaving unresolved other issues such as that of damages cannot be held to "affect a substantial right" as:

> [i]f . . . [such a] partial . . . judgment is in error defendant can preserve its right to complain of the error on appeal from the final judgment by a duly entered exception. Even if defendant is correct on its legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages.

*Industries, Inc. v. Insurance Co.*, 296 N.C. at 491, 251 S.E.2d at 447 (1979).

Defendant's appeal is dismissed.

Dismissed.

Judges LEWIS and WYNN concur.