JIM HOWARD HARDY AND WIFE, WINNIE B. HARDY, PETITIONERS v. VIOLA HARDY EDWARDS AND HUSBAND, RANDOLPH EDWARDS; JESSIE L. HARDY STANLEY, WIDOW; LUBIA M. HARDY, SINGLE; JOHNNY B. HARDY, SINGLE; WILLIE T. HARDY, SINGLE; EDDIE HARDY, JR. AND WIFE, BETTY HARDY; ANNIE M. HARDY EDWARDS AND HUSBAND, DENNIS EDWARDS; AND MARY RUTH HARDY, RESPONDENTS

No. 743SC440

(Filed 3 July 1974)

**1. Deeds § 11— construction of deed**

In construing a deed it is the duty of the court to ascertain the intent of the grantor as embodied in the entire instrument, and every part of the deed must be given effect if this can be done by any reasonable interpretation.

**2. Deeds § 14— construction of deed — reservation of interest**

A deed is construed to convey a one-ninth undivided fee simple interest in the remainder, after a life estate to the grantor's mother, to each of the eight remaining grantees and to reserve in the grantor the remaining one-ninth interest.

APPEAL by defendants from *Fountain, Judge,* 4 February 1974 Session of Superior Court held in CRAVEN County.

This is a partition proceeding in which plaintiff, Jim Howard Hardy, alleges he is owner of a one-ninth undivided interest and defendants allege they are sole owners of the property under a recorded deed from the plaintiff. The only question presented is the construction of the deed, which reads as follows:

"THIS DEED, made this 12th day of September, 1950, by Jim Howard Hardy of Craven County and state of North Carolina, of the first part, to Annie Hardy (Widow), the entire tract of land for and during the term of her natural life, with remainder, after her death, to Eddie Hardy, Jr.; Viola Hardy Edwards; Johnny S. Hardy; Mary Ruth Hardy; Jessie L. Hardy; Willie T. Hardy; Lubia M. Hardy, (minor) and Annie M. Hardy (minor) all of Craven County and state of North Carolina of the second part;

WITNESSETH:

That said party of the first part for and in consideration of————Natural Love and affection and the sum of One Dollar————to him paid by said parties of the second

part, the receipt of which is hereby acknowledged, has bargained and sold, and by these presents does bargain, sell and convey to said parties of the second part, their heirs and assigns, a certain tract or parcel of land in Craven County, state of North Carolina, bounded as follows, viz:

A one-ninth interest and estate to each of the grantees herein named, hereby reserving a one-ninth interest to the said Jim Howard Hardy, subject to the life-estate herein reserved unto the said Annie Hardy (widow), the following land to-wit:

[There then follows a description of a tract of land containing 13.2 acres, more or less, in Craven County, N. C., referred to as 'being the same land described in the deed from Emily C. Warren to said Jim Howard Hardy, bearing date of October 30th, 1944, and recorded in the public records in office of Register of Deeds for said Craven County, in Book No. 382———folio 177.']

To HAVE AND TO HOLD the aforesaid tract or parcel of land, and all privileges and appurtenances thereto belonging to the said parties of the second part their heirs and assigns in fee simple, forever, subject to the life estate above mentioned.

And the said party of the first part for his heirs, executors and administrators, covenant with said parties of the second part, their heirs and assigns, that he is seized of said premises in fee, and has the right to convey the same in fee-simple; that the same are free and clear from all encumbrances, and that he will warrant and defend the said title to the same against the claims of all persons whomsoever.

IN TESTIMONY WHEREOF, the said party of the first part has hereunto set his hand and seal the day and year above written.

s/ JIM HOWARD HARDY        (SEAL)"

The case was transferred to the civil issue docket for trial in the Superior Court upon the issues raised in the pleadings. The parties stipulated that the life tenancy created by the deed

was terminated by death of the life tenant in 1973, and agreed that the case might be heard by the court without a jury.

The trial court, being of the opinion that the grantor in the deed reserved in himself a 1/9th undivided interest in the real property therein described, adjudged that:

> "[E]ach of the following persons named in said deed and being parties to this proceedings, namely, Jim Howard Hardy, Eddie Hardy, Jr., Viola Hardy Edwards, Johnny B. Hardy, Mary Ruth Hardy, Jessie L. Hardy, Willie T. Hardy, Lubia M. Hardy, and Annie M. Hardy is entitled to a 1/9th undivided interest in said real property, and that this action is returned to the Special Proceedings Docket for further proceedings before the clerk of this Court."

From this judgment, defendants appealed.

*E. Lamar Sledge for plaintiff appellees.*

*Robert G. Bowers for defendant appellants.*

PARKER, Judge.

[1]  In construing a deed it is the duty of the court to ascertain the intent of the grantor as embodied in the entire instrument, and every part of the deed must be given effect if this can be done by any reasonable interpretation. *Rouse v. Strickand,* 260 N.C. 491, 133 S.E. 2d 151. "Generally stated, the rule is that in order for the court to hold any part of a deed void for repugnancy, the rejected part must be irreconcilably conflicting with the granting, holding, and warranty clauses." *Reynolds v. Sand Co.,* 263 N.C. 609, 139 S.E. 2d 888.

[2]  Applying these well established principles of construction to the deed in the present case, we think it manifest that the grantor intended and did convey a one-ninth undivided fee simple interest in the remainder, after the life estate conveyed to his mother, Annie Hardy, to each of the eight remaining grantees, and that he effectively reserved to himself the remaining one-ninth interest. We find no such irreconcilable conflict in the several portions of the deed as appellants contend requires that we thwart the grantor's clearly expressed intent. The granting clause, habendum, and warranty are consistent with conveyance of fee simple interests in the remainder, and it is clear that the quantum of interest conveyed to each of the

grantees, other than the life tenant, is a one-ninth interest. *Oxendine v. Lewis,* 252 N.C. 669, 114 S.E. 2d 706, and cases cited by appellants do not require a different result.

The judgment appealed from is.

Affirmed.

Judges CAMPBELL and HEDRICK concur.