ERNESTINE W. JAMIN, AND HUSBAND, CHARLES F. JAMIN; MARY VERNE W. POWELL, WIDOW; MARILYN ROSE DUNCAN; GLADYS W. BAICY, SINGLE; JOYCE W. McDIARMID, WIDOW; JAMES WILLIAMSON, AND WIFE, JEANETTE WILLIAMSON; MARIE W. WARNER, AND HUSBAND, JIMMY WARNER; MARGUERITE W. NORRIS, WIDOW; BEATRICE W. STEWART, AND HUSBAND, SAM ELMO STEWART; BERNICE L. WILLIAMSON, SR., AND WIFE, ROSA A. WILLIAMSON; HUGH L. WILLIAMSON, AND WIFE, JOYCE H. WILLIAMSON; OLIVER WAYNE WILLIAMSON, AND WIFE, BETTY L. WILLIAMSON; ARROVEIVE W. HILL, WIDOW; RINTOUL E. MITCHELL, SINGLE; LYNN C. GOODWIN, AND WIFE, DEBORAH GOODWIN; LOUISE W. DYE, SINGLE; ANDREW GREY WILLIAMSON, AND WIFE, ANN M. WILLIAMSON; BETTY H. WILLIAMSON, WIDOW; JANE OLIVER SWAIN, AND HUSBAND, JOHN EDWARDS SWAIN, III; SUSAN C. WILLIAMSON, SINGLE; KATHRYN R. WILLIAMSON BOWSWELL; PRISCILLA C. MILLER, AND HUSBAND, STEVE MILLER; KAREN D. SEIFFERT, AND HUSBAND, THOMAS W. SEIFFERT; SANDRA GALLOWAY WORKMAN, AND HUSBAND, HAROLD S. WORKMAN, JR. v. JOSEPH M. WILLIAMSON, III AND WARNER BROWN DANIELS, JR.

No. 8816SC1337

(Filed 18 July 1989)

**Deeds § 12— life estate with remainder to life tenant's children — reversion to other children and grandchildren — per stirpes distribution intended**

A deed which conveyed land to the grantor's son for life with remainder to the son's children and provided that if the son should die without issue, the land "is to revert to any child or children that I have living at that time, and to the representative of any of my children who may be dead" required a per stirpes distribution among the grantor's grand-

children and great-grandchildren upon the death of the son without issue after all of the grantor's other children had died. The reversion clause did not provide for a per stirpes distribution only if at least one other child of the grantor survived the life tenant, and the land thus did not revert to the grantor and pass to his heirs by intestate succession.

APPEAL by petitioners from *Carlton E. Fellers, Judge.* Order entered 5 July 1988 in Superior Court, ROBESON County. Heard in the Court of Appeals 7 June 1989.

*Wyrick, Robbins, Yates & Ponton, by Robert A. Ponton, Jr. and L. Diane Tindall, for Sandra Galloway Workman and Harold S. Workman, Jr., petitioner-appellants.*

*Price & McIntyre, P.A., by D. Carmichael McIntyre II, for Hugh L. Williamson and Joyce H. Williamson, petitioner-appellants.*

*No brief for respondents.*

BECTON, Judge.

This case involves the distribution of proceeds received from the sale of real property. The trial judge ordered that $134,000 received in the sale of the "Homeplace Property" be disbursed among the grandchildren and great-grandchildren of S. G. Williamson on a per capita basis at each generation. We vacate the order and remand with instructions that the court order a per stirpes distribution.

I

On 13 December 1934, S. G. Williamson, a father of ten children, conveyed a life estate in the "Homeplace Property" to his son Charlie, with the remainder to Charlie's children. In the event that Charlie died without issue, the deed provided that

. . . the said land . . . is to revert to any child or children that I have living at that time, and to the representatives of any of my children who may be dead, it being the intention of this conveyance that said land is conveyed to the said Charlie B. Williamson during the term of his natural life, and at his death, to his children, and if he should die without children, then and in that event, said land is to revert to my children or to my grandchildren as the case may be . . . .

All of Charlie Williamson's siblings predeceased him. Charlie died in 1985 and left no children. At his death, sixteen grandchildren and ten great-grandchildren of S. G. Williamson were alive.

After the sale of the Homeplace Property, the commissioners asked the Superior Court for directions on distributing the proceeds. Following a hearing, the judge ordered the commissioners to make a disbursement among the grandchildren and great-grandchildren on a per capita basis at each generation. The judge's decree left the grandchildren with sixteen-twentieths of the $134,000 (or a one-twentieth undivided interest per grandchild) and left the great-grandchildren with four-twentieths of the total (or a one fiftieth undivided interest per great-grandchild).

Appellant Hugh Williamson is a grandchild of S. G. Williamson and the surviving child of S. G. Williamson's son L. C. Williamson. Appellant Sandra Galloway Workman is the great-grandchild of S. G. Williamson and is the surviving grandchild of S. G. Williamson's daughter Bertha Williamson Galloway. Under a per stirpes distribution, each of these appellants would receive a one-ninth share of the proceeds of the sale.

II

Appellants press several different points in their respective briefs. The contention common to them both, however, is the single issue we address in this appeal. Appellants argue that the judge erred by construing the deed as directing a per capita distribution among the heirs of S. G. Williamson, and we agree.

As with the provisions in a will, a court's duty when construing a deed is to ascertain the intent of the grantor by looking to the language of the instrument. *See Hardy v. Edwards*, 22 N.C. App. 276, 278, 206 S.E. 2d 316, 318, *cert. denied*, 285 N.C. 659, 207 S.E. 2d 753 (1974). In will cases, our courts have acknowledged an especial difficulty in determining whether a testator intended a per capita or per stirpes distribution scheme. *See, e.g., Wachovia Bank and Trust Co. v. Bryant*, 258 N.C. 482, 484, 128 S.E. 2d 758, 760 (1963). As a consequence, "certain rules have devolved to help solve this perplexity." *Id.* (citation omitted). Among these is the rule that when a person takes as the *representative* of an ancestor, she or he takes per stirpes. *E.g., Coppedge v. Coppedge*, 234 N.C. 173, 177, 66 S.E. 2d 777, 780, *reh'g denied*, 234 N.C. 747, 67 S.E. 2d 463 (1951); *Wooten v. Outland*, 226 N.C. 245,

248, 37 S.E. 2d 682, 684 (1946); *see also* Annotation, *Taking Per Stirpes or Per Capita Under Will*, 13 A.L.R. 2d 1023 (1950).

The critical clause in S. G. Williamson's deed provides that, in the event Charlie Williamson died without issue, "the said land . . . is to revert to any child or children that I have living at [Charlie's death], and to the representatives of any of my children who may be dead. . . ." The use of the word "representatives" signals a per stirpes distribution plan. *E.g.*, *Wooten*, 226 N.C. at 248, 37 S.E. 2d at 684. Apparently, however, the trial judge interpreted the reversionary clause to provide for a per stirpes taking *only if* at least one child of S. G. Williamson survived Charlie. Because all the other children predeceased Charlie, the judge concluded that the property reverted to S. G. Williamson and then passed to his heirs by intestate succession. The per capita distribution at each generation ordered by the judge is the scheme called for under the Intestate Succession Act. *See* N.C. Gen. Stat. Secs. 29-16(a)(1) and 29-16(a)(2) (1984).

Although the inference drawn by the judge may be fairly derived from the deed's language, construing the document in that way compels a conclusion that S. G. Williamson did not provide for the possibility that Charlie would be his last-surviving child. Traditionally, however, deeds are interpreted, if possible, in such a way as to give them effect, rather than in a manner that renders them inoperative. *See* 23 Am. Jur. 2d *Deeds* Sec. 228 (1983); *see also Hardy*, 22 N.C. App. at 278, 206 S.E. 2d at 318. For example, in North Carolina, "the terms and phraseology of [the] description" of the conveyed land will be construed in order to uphold the deed "if this can reasonably be done." *Edwards v. Bowden*, 99 N.C. 80, 80-81, 5 S.E. 283, 284 (1888). In our view, if a reasonable interpretation of the deed can identify the grantees in a reversionary clause, upholding the deed by such a construction is preferable to one that causes the conveyed property to pass via intestacy. *Cf. Quickel v. Quickel*, 261 N.C. 696, 700, 136 S.E. 2d 52, 55 (1964) (presumption, when construing a will, that testator did not intend to die intestate as to part of property).

Most important, the language of this deed is more reasonably read as directing a per stirpes distribution. The use of the word "representatives" indicates that S. G. Williamson did not intend that his grandchildren would take per capita. Additionally, the clause "if [Charlie] should die without children, then . . . [the]

RIVENBARK v. PENDER COUNTY BD. OF EDUCATION

[94 N.C. App. 703 (1989)]

land is to revert to my children *or* to my grandchildren *as the case may be*" (emphasis added) is consistent with a per stirpes scheme. The use of the conjunction "or" and the phrase "as the case may be" emphasizes the notion of the grandchildren as standing in the place of their deceased parents, i.e., *representing* them. Finally, the deed speaks of *any child or children* being dead; we think it reasonable that the words *any children* can be read as including *all* the siblings of Charlie, thus providing for the contingency that Charlie would be the last-surviving child.

III

The language of the deed, under a reasonable construction, indicates that S. G. Williamson intended a per stirpes and not a per capita distribution scheme. Explicitly, he directed that his grandchildren would *represent* any parent who died prior to Charlie, and the deed can be read as contemplating the possibility that all of Charlie's siblings would predecease him. Our reading of the deed gives effect to the document, while the trial judge's construction requires use of intestate succession statutes.

The order of the trial court ordering a per capita distribution at each generation is vacated, and the case is remanded with directions that the judge order a per stirpes distribution.

Reversed and remanded.

Judges PHILLIPS and LEWIS concur.