C. WILLIAM BARKER, PLAINTIFF v. EDWARD C. AGEE, JAMES R. MABE, BRADFORD K. ROOT, FRANK E. WALL, VELPO D. WARD, JR., AND WARD & COMPANY, P.A., DEFENDANTS/THIRD-PARTY PLAINTIFFS v. CITIZENS NATIONAL BANK, THIRD-PARTY DEFENDANT

No. 224PA89

(Filed 5 April 1990)

**Appeal and Error § 7 (NCI3d); Rules of Civil Procedure § 14 (NCI3d) — judgment for plaintiff against third party plaintiffs — right of third party defendants to appeal**

Third party defendant bank was an aggrieved party within the meaning of N.C.G.S. § 1-271 which could appeal summary judgment entered in favor of plaintiff against defendants-third party plaintiffs where the bank fully participated in the determination of third party plaintiff's liability and is bound by the judgment in favor of plaintiff entered against defendants as third party plaintiffs. N.C.G.S. § 1A-1, Rule 14.

**Am Jur 2d, Appeal and Error §§ 92, 173, 174, 182; Parties §§ 192, 194, 196.**

ON discretionary review upon petitions filed by defendants/third-party plaintiffs and third-party defendant pursuant to N.C.G.S. § 7A-31 from a decision of the Court of Appeals, 93 N.C. App. 537, 378 S.E.2d 794 (1989), affirming the judgment of *Walker*, *J.*, entered 23 March 1988 in the Superior Court, GUILFORD County. Heard in the Supreme Court 15 March 1990.

**BARKER v. AGEE**

[326 N.C. 470 (1990)]

*Smith Helms Mullis & Moore, by Robert A. Wicker and Linda S. Bellows, for plaintiff-appellee.*

*Hendrick, Zotian, Cocklereece & Robinson, by T. Paul Hendrick and William A. Blancato, for defendants/third-party plaintiff-appellants.*

*Poyner & Spruill, by J. Phil Carlton and Mary Beth Johnson, for third-party defendant-appellant.*

PER CURIAM.

On this appeal: (1) defendants seek reversal of summary judgment entered by the trial judge entitling plaintiff to enforce an acceleration clause and to recover against defendants amounts due under the terms of a promissory note; and (2) third-party defendant, Citizens National Bank (Bank), seeks a determination of its standing to appeal the judgment entered in the trial court against defendants. The Court of Appeals held that the Bank did not have standing to appeal from the judgment because the judgment did not affect the Bank's rights, and that therefore the Bank was not an aggrieved party. The Court of Appeals otherwise affirmed the trial court's order granting plaintiff's motion for summary judgment and awarding attorney's fees to plaintiff. We disagree with the Court of Appeals' determination that the Bank lacked standing; however, we agree with the remainder of the Court of Appeals' decision.

Plaintiff and defendants owned an accounting firm. Defendants purchased plaintiff's stock in the firm for $850,000. A down payment was made and the balance, $750,000, was to be paid in monthly installments of $6,862, due the first of each month pursuant to an interest-free promissory note executed by defendants. Upon default in the payment of an installment for fifteen or more days, the holder had the right to declare the entire unpaid balance due and, upon doing so, was entitled to interest in addition to reasonable attorney's fees. In an effort to avoid disputes and to avoid personal contact between the parties regarding whether payments were timely made and also to give the parties independent records of when the payments were made, counsel for both parties agreed that the monthly payments would be made by wire transfer. Plaintiff's counsel provided defendants' counsel with an account number in order that the wire transfers could be made to plaintiff's Merrill Lynch account. Defendants arranged to have the transfers made

from an account with third-party defendant, the Bank, by automatically transferring the funds each month.

Upon failure by the Bank to transfer the 1 March 1987 payment within the fifteen-day grace period, plaintiff notified defendants of his intention to accelerate the note and declared the unpaid balance of $514,726 immediately due. Defendants refused to pay and plaintiff commenced this action against defendants. Defendants filed a third-party complaint against the Bank. The Bank answered and thereafter all parties filed motions for summary judgment. The trial court entered summary judgment in favor of plaintiff against defendants/third-party plaintiffs. Defendants and the Bank appealed to the Court of Appeals. The Court of Appeals dismissed the Bank's appeal. The Court of Appeals concluded that the order granting summary judgment against defendants did not determine the Bank's liability and did not affect the Bank's rights; therefore, the Bank was not an aggrieved party under N.C.G.S. § 1-271 and thus lacked standing to appeal. We disagree.

The Bank's right to appeal in this case is controlled by Rule 14 of the North Carolina Rules of Civil Procedure. "Rule 14 provides that 'the third-party defendant may assert against the plaintiff any defenses which the third-party plaintiff has to the plaintiff's claim.'" *City of Winston-Salem v. Ferrell*, 79 N.C. App. 103, 107, 338 S.E.2d 794, 797 (1986). "When a third-party defendant has an opportunity to participate fully in the determination of third-party plaintiff's liability, it is bound by a judgment in favor of the original plaintiff." *Id.* Here the Bank not only had an opportunity to participate, but in fact did fully participate in the determination of third-party plaintiff's liability and is bound by the judgment in favor of plaintiff entered against defendants as third-party plaintiffs. Since the Bank is bound by the judgment which affects its substantial rights, it is clearly an aggrieved party within the meaning of N.C.G.S. § 1-271. The Court of Appeals thus erred in dismissing the Bank's appeal.

The Court of Appeals affirmed summary judgment entered in favor of plaintiff against defendants/third-party plaintiffs on the promissory note. On appeal to this Court, defendants and the Bank contend that the Court of Appeals erred in concluding that summary judgment for plaintiff was properly entered by the trial court. We agree with the Court of Appeals' conclusion on this issue. Accordingly, we affirm the Court of Appeals' decision affirming

IN RE SWINDELL

[326 N.C. 473 (1990)]

summary judgment for plaintiff against defendants. On dismissal of the Bank's appeal, we reverse.

Affirmed in part; reversed in part.