JULIAN CLARK CULTON v. JANE ANDERSON CULTON

No. 23A90

(Filed 5 December 1990)

**Appeal and Error § 133 (NCI4th)— appointment of guardian ad litem — appeal by third party — appeal from interlocutory order**

Plaintiff's appeal was remanded to the Court of Appeals for dismissal where plaintiff filed actions against defendant for divorce and equitable distribution; divorce was granted; counsel for defendant filed a motion in each action seeking the appointment of defendant's brother as guardian ad litem for her; plaintiff objected on the grounds that there must first be an incompetency proceeding before a guardian ad litem can be appointed; plaintiff's objection was overruled; an evidentiary hearing was held during which defendant herself testified that she desired the appointment of a guardian ad litem and the court heard evidence concerning defendant's history of schizophrenia and involuntary commitment; the court thereafter appointed defendant's brother to be defendant's guardian ad litem for each of the two pending cases; and plaintiff appealed from this ruling. Plaintiff was not an aggrieved party, nor did he argue, much less establish, that he was entitled to an appeal of right from the interlocutory order entered below.

**Am Jur 2d, Appeal and Error § 219; Divorce and Separation §§ 266, 476.**

Justice WEBB dissents.

APPEAL by defendant pursuant to N.C.G.S. § 7A-30(2) (1989) from the decision of a divided panel of the Court of Appeals, 96 N.C. App. 620, 386 S.E.2d 592 (1989), which vacated and remanded an order entered by *Bissell, J.*, on 7 February 1989 in District Court, MECKLENBURG County, appointing a guardian ad litem for defendant. Heard in the Supreme Court 9 April 1990.

*Tucker, Hicks, Hodge and Cranford, P.A., by John E. Hodge, Jr. and Fred A. Hicks, for plaintiff appellee.*

*Myers, Hulse & Harris, by R. Lee Myers, for defendant appellant.*

CULTON v. CULTON

[327 N.C. 624 (1990)]

MARTIN, Justice.

On 26 February 1987 plaintiff appellee filed separate actions against defendant for divorce and for an equitable distribution of marital property. The defendant filed a counterclaim for alimony in the divorce action on 17 June 1987. The parties were divorced 22 June 1987. On 8 August 1988 counsel for defendant filed a motion in each action for the appointment of a guardian ad litem for defendant pursuant to Rule 17 of the North Carolina Rules of Civil Procedure. The defendant's counsel set forth in these motions assertions to the effect that defendant was not able to assist in the ongoing litigation. The motions sought the appointment of the defendant's brother as guardian ad litem for her.

The plaintiff objected to the appointment of a guardian ad litem by the district court judge on grounds that before a guardian ad litem can be appointed under Rule 17 for an incompetent adult, incompetency must be determined in a proceeding brought under Chapter 35A of the general statutes. The district court overruled plaintiff's objection and held an evidentiary hearing on defendant's motions, during which defendant, herself, testified that she desired the appointment of a guardian ad litem. The court also heard evidence concerning defendant's history of schizophrenia and three occasions during which defendant had been involuntarily committed to mental health care institutions. The district court thereafter appointed defendant's brother to be defendant's guardian ad litem for each of the two pending cases. The plaintiff appealed from this ruling to the Court of Appeals.

The Court of Appeals, with one judge dissenting, held that Article I of Chapter 35A of the General Statutes provided the exclusive procedure for determining incompetency and vacated the order of the district court. The defendant then appealed to this Court.

The initial question we address is whether the plaintiff, who is defendant's former husband, has standing to appeal from the trial court's order appointing a guardian ad litem for the defendant. Only a "party aggrieved" may appeal from an order or judgment of the trial division. N.C.G.S. § 1-271 (1983); N.C.R. App. P. 3(a) (1990). *Cf. Barker v. Agee*, 326 N.C. 470, 389 S.E.2d 803 (1990). An aggrieved party is one whose rights have been directly and injuriously affected by the action of the court. *E.g., Buick Co.*

CULTON v. CULTON

[327 N.C. 624 (1990)]

*v. General Motors Corp.*, 251 N.C. 201, 110 S.E.2d 870 (1959); *Freeman v. Thompson*, 216 N.C. 484, 5 S.E.2d 439 (1939).

Plaintiff has not been directly or injuriously affected by the order appointing a guardian ad litem for defendant. Plaintiff's argument that future settlements or orders might later be disavowed by the defendant on grounds that the procedure followed was allegedly irregular is speculative and alleges at best a possible indirect injury to plaintiff's purported rights. In this connection, we note again that defendant, herself, testified that she desired the appointment of a guardian ad litem. Plaintiff has suffered no injury presenting the appellate division with a question ripe for review. His rights have not been affected by the court's order. Because he was not an aggrieved party, plaintiff had no standing to challenge on appeal the order entered by the trial court. For this reason the Court of Appeals should have dismissed plaintiff's appeal.

Moreover, plaintiff gave notice of appeal from an interlocutory order, namely, one granting defendant's motions for the appointment of a guardian ad litem. As this order was not a final judgment, for plaintiff to have been entitled to appeal of right from the order, plaintiff was required to establish that it either:

(1) Affects a substantial right, or

(2) In effect determines the action and prevents a judgment from which appeal might be taken, or

(3) Discontinues the action, or

(4) Grants or refuses a new trial

N.C.G.S. § 7A-27(d) (1989). *See also* N.C.G.S. § 1-277(a) (1983). *See, e.g., Waters v. Personnel, Inc.*, 294 N.C. 200, 240 S.E.2d 338 (1978) (decision by trial court must deprive the *appellant* of a substantial right which he would lose if the ruling or order is not reviewed before final judgment). Plaintiff was not an aggrieved party, nor did he argue, much less establish, that he was entitled to an appeal of right from the interlocutory order entered below. The Court of Appeals should have dismissed this attempted appeal. *E.g., State v. School*, 299 N.C. 351, 261 S.E.2d 908 (1980); *Metcalf v. Palmer*, 46 N.C. App. 622, 265 S.E.2d 484 (1980).

The decision of the Court of Appeals is reversed and the cause is remanded to that court for entry of an order dismissing the appeal.

Reversed and remanded.

Justice WEBB dissents.