WILLIAM W. CARRIKER, JR., ELIZABETH C. CARRIKER, THOMAS E. CARRIKER, JR., AND ROBERT T. CARRIKER v. CASPER O. CARRIKER, JR., NANCY CARRIKER BLACKWELDER, SAMUEL L. CARRIKER, BETTY JO CARRIKER EARLY, JANE CARRIKER FURR, JAMES EDWARD CARRIKER, JERRY L. CARRIKER, KENNETH CARRIKER, AND RENA CARRIKER O'DANIEL

No. 312PA98

(Filed 4 March 1999)

**1. Appeal and Error— appealability—denial of summary judgment—summary judgment granted for opposing parties**

Plaintiffs had a right to appeal the trial court's denial of their motion for summary judgment where the trial court also granted summary judgment in favor of the nonmovant defendants. The denial of plaintiffs' summary judgment motion and the grant of summary judgment in favor of defendants disposed of the cause as to all parties and was a final judgment on the merits of the case.

**2. Wills— contingent remainder to grandchildren—per stirpes distribution**

The language of testator's will required a per stirpes distribution on a representative basis to testator's grandchildren rather than a per capita distribution where the will gave testator's three daughters a life estate in his property, provided that upon the death of his three daughters the property should be equally divided among his "then surviving children," and further provided that "if any child or children shall have died leaving legitimate child or children, then such child or children to take the share that their deceased parent would have taken had he or she been living"; none of testator's five sons were living when testator's last daughter died; and at the time of death of the last daughter, the living legitimate children of the testator's children were the two children of one son, two children of a second son, and the nine children of a third son.

On discretionary review pursuant to N.C.G.S. § 7A-31 of a unanimous, unpublished, per curiam decision of the Court of Appeals, 130 N.C. App. 149, 505 S.E.2d 185 (1998), affirming an order granting summary judgment for defendants by Davis (James C.), J., on 23 September 1997 in Superior Court, Cabarrus County, and dismissing

the appeal of the denial of plaintiffs' summary judgment motion. Heard in the Supreme Court 14 January 1999.

*Mitchell, Rallings, Singer, McGirt & Tissue, PLLC, by Allan W. Singer and Sherri L. McGirt, for plaintiff-appellants.*

*Hartsell Hartsell & White, P.A., by Fletcher L. Hartsell, Jr., for defendant-appellees.*

WAINWRIGHT, Justice.

North Carolina resident James Edward Carriker ("testator") died on 2 January 1935. At the time of testator's death, he was survived by his wife, three daughters, and five sons.

Testator owned two parcels of land, both located in Cabarrus County (collectively, "property"). Upon his death, testator bequeathed a life estate in the property to his wife, who died on 1 April 1951. Upon his wife's death, testator's will gave his three daughters a life estate in the property for as long as they lived and maintained a home on the property.

On 6 February 1996, the last of testator's three daughters died. Testator's will provided that upon the death of his three daughters, the property shall be equally divided among his "then surviving children." When testator's last daughter died, none of testator's five sons were living.

Testator's will further provided that "if any child or children shall have died leaving legitimate child or children, then such child or children to take the share that their deceased parent would have taken had he or she been living."

At the time of the death of the last daughter, the living legitimate children of testator's children were the following: two of testator's sons had two children each, who are the four plaintiffs in the instant action; and another of testator's sons had nine children, who are the defendants.

Plaintiffs filed this action and sought a declaratory judgment to construe the language of testator's will that provided for distribution of the property after the death of testator's last daughter. Plaintiffs claim the language in the will provides for a *per stirpes* distribution to testator's grandchildren on a representative basis. This distribution would mean that two plaintiffs would split a 1/3 share of the property, the other two plaintiffs would split a 1/3 share, and the nine defend-

ants would split a 1/3 share. In contrast, defendants claim the language provides for a *per capita* distribution, meaning plaintiffs and defendants would share equally and would each get a 1/13 undivided interest.

On 3 July 1997, plaintiffs filed a summary judgment motion. The trial court denied plaintiffs' motion for summary judgment and rendered summary judgment *sua sponte* in favor of defendants. Plaintiffs claim the trial court committed reversible error by not giving effect to testator's direction for distribution of the property. The Court of Appeals affirmed the trial court's grant of summary judgment to defendants and dismissed plaintiffs' appeal as to the denial of its summary judgment motion, claiming the appeal was interlocutory.

[1] On appeal to this Court, the first issue presented is whether the Court of Appeals erred in concluding that the denial of plaintiffs' motion for summary judgment was interlocutory and thus not appealable. Ordinarily, appellate courts do not review the denial of a motion for summary judgment because of its interlocutory nature. *N.C. Coastal Motor Line, Inc. v. Everette Truck Line, Inc.*, 77 N.C. App. 149, 153, 334 S.E.2d 499, 502 (1985), *disc. rev. denied*, 315 N.C. 391, 338 S.E.2d 880 (1986). Interlocutory orders are those made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy. *Veazey v. City of Durham*, 231 N.C. 357, 361, 57 S.E.2d 377, 381 (1950).

In most cases, the denial of a motion for summary judgment establishes only that there is a genuine issue of material fact, and the ruling does not dispose of the case. However, in the instant case, the denial of plaintiffs' summary judgment motion and the grant of summary judgment in favor of nonmovant defendants disposed of the cause as to all parties and left nothing to be judicially determined by the trial court. Therefore, plaintiffs' appeal of the denial of its summary judgment motion and the grant of summary judgment in favor of defendants was a final judgment on the merits of the case, instead of being an interlocutory appeal. *N.C. Coastal Motor Line, Inc.*, 77 N.C. App. at 153, 334 S.E.2d at 502. As this Court has previously stated, "[t]he final dismissal of a claim under summary judgment involves a substantial right from which a plaintiff has an immediate right of appeal." *Tinch v. Video Indus. Servs.*, 347 N.C. 380, 382, 493 S.E.2d 426, 428 (1997). Thus, the Court of Appeals erred when it summarily disposed of plaintiffs' appeal.

CARRIKER v. CARRIKER

[350 N.C. 71 (1999)]

**[2]** Because the Court of Appeals concluded plaintiffs' appeal was interlocutory, it did not address the merits of this case. We now address the merits and discuss the second issue of whether the language of the will provides for a *per stirpes* or a *per capita* distribution of the property.

*Per stirpes* distribution "denotes the division of an estate by representation, a class taking the share to which the deceased whom they represent would have been entitled had he been living." *Wachovia Bank & Trust Co. v. Bryant*, 258 N.C. 482, 485, 128 S.E.2d 758, 761 (1963). In contrast, *per capita* distribution is where beneficiaries "take directly under a bequest or devise as individuals and not in a representative capacity, and the testator provides that the division or distribution shall be in equal proportions." *Wooten v. Outland*, 226 N.C. 245, 248, 37 S.E.2d 682, 684 (1946). Although *per capita* distribution is generally favored over *per stirpes*, *per capita* will not be presumed to be the distributive plan if there is explicit *per stirpes* direction or intent. *Dew v. Shockley*, 36 N.C. App. 87, 89, 243 S.E.2d 177, 180, *disc. rev. denied*, 295 N.C. 465, 246 S.E.2d 9 (1978).

In the instant case, the pertinent language of the will provides:

[A]t the death of the last of the three [daughters], then it is [testator's] will and desire that [his] property, real, personal or mixed, shall be equally divided among [his] then surviving children; and if any child or children shall have died leaving legitimate child or children, then such child or children to take the share that their deceased parent would have taken had he or she been living.

The trial court analyzed the will's language and concluded that the property should be distributed *per capita*. Thus, the trial court on its own motion granted summary judgment in favor of defendants. Although a party does not have to move for summary judgment to be entitled to it, the nonmovant must be entitled to the judgment as a matter of law. *A-S-P Assocs. v. City of Raleigh*, 298 N.C. 207, 212, 258 S.E.2d 444, 447-48 (1979). We conclude that defendants are not entitled to summary judgment as a matter of law.

The language of the will provides that testator's daughters had only life estates, while testator's sons had the remainder interests. When testator's last daughter died, none of testator's five sons were living. However, the will provides that if any of testator's deceased children has legitimate children, then those children take the

**CARRIKER v. CARRIKER**

[350 N.C. 71 (1999)]

share that their deceased parent would have taken. This language in the will gives testator's potential grandchildren a contingent remainder.

Only three of testator's sons had children, who are the plaintiffs and defendants in this case. These children satisfied the contingent remainder provided for in the will by being legitimate and by surviving their deceased parent. Therefore, their interests vested and they are entitled to a share of the property.

The words of the will instruct that plaintiffs and defendants will receive the share their deceased parents would have received if their parents had been living. Thus, each of the parties is taking as representatives of their father. As the Court of Appeals has already noted, taking as a representative of an ancestor infers a *per stirpes* distribution. *See Jamin v. Williamson*, 94 N.C. App. 699, 701, 381 S.E.2d 345, 346 (1989).

Contrary to defendants' assertion, *Haywood v. Rigsbee*, 207 N.C. 684, 692, 178 S.E. 102, 106 (1935), is not controlling because its language "*among* my children and their issue" (emphasis added) is not the same language as provided in the instant case. Instead, the language of testator's will in the instant case is similar to the language in *Jamin*, 94 N.C. App. 699, 381 S.E.2d 345. Therefore, the property should be distributed *per stirpes*.

Because the will provided for a *per stirpes* distribution, the trial court incorrectly concluded that the property should be distributed *per capita*. The parties should actually receive what their own father would have received. Thus, two plaintiffs share a 1/3 interest in the property (1/6 each), the other two plaintiffs share a 1/3 interest (1/6 each), and defendants share a 1/3 interest (1/27 each).

Accordingly, we reverse the decision of the Court of Appeals dismissing the appeal and remand to that court for further remand to the trial court for an order consistent with this opinion.

REVERSED AND REMANDED.