LYNN-CLIFF, INC., Plaintiff,
v.
JEFFREY WAYNE POOLE and wife, CHRISTINA POOLE, aka TINA POOLE, Defendants and Third-Party Plaintiffs,
v.
CLIFTON RAY MOORE, Third-Party Defendant.
No. COA08-741
Court of Appeals of North Carolina.
Filed April 7, 2009
This case not for publication
Woodruff, Reece & Fortner, by Michael J. Reece, for plaintiff and third-party defendant, appellants.
Rountree, Losee & Baldwin, LLC, by Stephen D. Coggins, for defendants/third-party plaintiffs, appellees.
MARTIN, Chief Judge.
Plaintiff Lynn-Cliff, Inc. ("plaintiff") and third-party defendant Clifton Ray Moore ("Moore") appeal from an order granting summary judgment in favor of defendants/third-party plaintiffs ("defendants") on all of plaintiff's claims. We reverse. At all times pertinent to this case, plaintiff was a licensed general contractor, and Moore was plaintiff's president and qualifying party. On 10 September 2004, plaintiff filed a claim of lien upon property owned by defendants for labor performed and materials furnished in connection with the construction of a house on the property. The claim of lien stated that plaintiff began constructing the house on 1 October 2003 and that the amount of the lien claimed was $80,000. On 9 November 2004, plaintiff filed a complaint alleging that it contracted with defendants to construct the house in exchange for an "agreed price[]," but that "there remains a balance due of $94,650.00." Plaintiff sought damages in that amount or, in the alternative, an order forcing a sale of defendants' property so that plaintiff could recover on the claim of lien.
Defendants filed an "Answer, Counterclaim and Third-Party Complaint" on 18 January 2005, advancing fourteen counterclaims against plaintiff and ten third-party claims against Moore. In answering the complaint, defendants admitted that plaintiff constructed the home "pursuant to a contract" and that, pursuant to the contract, they "were to pay, and did in fact, pay Plaintiff the sum of $185,000." Defendants contended, however, that after paying plaintiff the money due under the contract, the parties attempted to modify the contract "but did not reach a meeting of the mind [sic] as to certain limited upgrades."
On 24 March 2005, Moore answered the third-party complaint, and plaintiff replied to the answer and answered the counterclaims. In his pleading, Moore did not advance any counterclaims against defendants. In its pleading, plaintiff alleged that the parties modified the contract on 22 April 2004. On that date, plaintiff and defendants executed an "Agreement" which stated that defendants owed plaintiff $110,000. It is undisputed that this document is the only document the parties fully executed.
Following discovery, the parties unsuccessfully attempted to resolve the dispute through mediation. On 10 May 2007, the trial court allowed the attorney representing both plaintiff and Moore to withdraw.
On 21 June 2007, defendants filed a motion for summary judgment on "all claims against them by Plaintiff and [Moore]." In support of the motion, defendants filed their affidavits and deposition testimony, Moore's deposition testimony, and the parties' discovery responses. Neither plaintiff nor Moore responded to the motion. Defendants subsequently dismissed all third-party claims against Moore.
The trial court called the matter for hearing on the morning of 2 July 2007. Moore, appearing pro se, requested a continuance in order to obtain counsel. Defense counsel objected to Moore's motion on the ground that a corporation must be represented by an attorney and may not proceed pro se. The trial court held the matter open until that afternoon and then continued the matter until the following day. The next day, Moore again appeared pro se and sought a continuance to obtain representation, but the trial court denied Moore's request. The trial court then heard defendants' motion for summary judgment on all of plaintiff's claims, having been specifically advised by defense counsel that "[t]he only motion for summary judgment pending is only with respect to the claims that have been posed by the Plaintiff this morning."
During the hearing, defense counsel argued that while the record showed that the parties may have reached an initial agreement, the parties "[did not] agree as to what that initial agreement was." Defendants then acknowledged that in the absence of a contract, plaintiff could recover in quantum meruit. However, defense counsel argued, "there [was] no evidence before the Court as to the reasonable valu[e] of the services" plaintiff provided. Finally, defense counsel argued that even if there was evidence as to the reasonable value of plaintiff's services, the record also contained evidence that defendants needed to spend approximately $90,000 to repair construction "defects" and that the amount required for repairs "more than off-set[] anything that would . . . be owed in the case."
After hearing the arguments of defense counsel and of Moore, the trial court allowed Moore to call defendant Jeffrey Wayne Poole as a witness. Mr. Poole offered sworn testimony and was cross-examined by defense counsel. The trial court then allowed defense counsel to call Moore as a witness, and Moore, too, offered sworn testimony. Finally, the trial court allowed defendants to call an expert witness to testify as to the alleged construction defects. The expert offered sworn testimony and was cross-examined by Moore. At the conclusion of the hearing, the trial court granted summary judgment in favor of defendants, finding that "there was an agreement for the construction of [the] home," but that "the terms of [the] agreement became uncertain" and "the agreement that the parties had then fell apart." The court also found that plaintiff could not recover in quantum meruit because (1) all of the evidence showed that defendants paid plaintiff more than the value of the services rendered and (2) "the cost of repairing the defects would off-set the amount that the Plaintiff has requested or is claiming is due and owing." The written order granting summary judgment did not contain any findings of fact or conclusions of law. Plaintiff and Moore timely filed a notice of appeal.
Preliminarily, "[o]nly a `party aggrieved' may appeal from an order or judgment of the trial division."Culton v. Culton, 327 N.C. 624, 625, 398 S.E.2d 323, 324 (1990) (quoting N.C. Gen. Stat. § 1-271 (1983)), superseded by statute on other grounds as stated in In re J.A.A., 175 N.C. App. 66, 72-73, 623 S.E.2d 45, 49 (2005). Moore is not a party aggrieved by the order granting summary judgment because the order only granted summary judgment in favor of defendants on plaintiff's claims, defendants dismissed all third-party claims against Moore, and Moore never filed any counterclaims. Accordingly, Moore's appeal is dismissed. N.C. R. App. P. 3(a) (prescribing that only a party "entitled by law" may take an appeal in a civil case). Furthermore, we disagree with the assertion advanced by both plaintiff and defendants in their briefs that this appeal is properly before us pursuant to N.C.G.S. § 7A-27(c) as an appeal of right from a final judgment of the district court in a civil action. "A final judgment is one that determines the entire controversy between the parties, leaving nothing to be decided in the trial court." Ratchford v. C.C. Mangum, Inc., 150 N.C. App. 197, 199, 564 S.E.2d 245, 247 (2002). Because all of defendants' counterclaims against plaintiff remain outstanding, the trial court's order is not a final judgment but, rather, is interlocutory. Plaintiff does not argue that the order affects a substantial right, and the trial court did not certify the order for immediate appeal pursuant to N.C.G.S. § 1A-1, Rule 54(b). Accordingly, plaintiff has not shown that it has the right to an immediate appeal. Jeffreys v. Raleigh Oaks Joint Venture, 115 N.C. App. 377, 379, 444 S.E.2d 252, 253 (1994). In the exercise of our discretion, however, we issue the writ of certiorari to review the trial court's order. N.C. R. App. P. 21(a)(1) ("The writ of certiorari may be issued in appropriate circumstances by either appellate court to permit review of the judgments and orders of trial tribunals when . . . no right of appeal from an interlocutory order exists.").
Finally, we are perplexed by the trial court's decision, over defendants' objection, to allow Moore to represent plaintiff at the hearing. In Lexis-Nexis, Div. of Reed Elsevier, Inc. v. Travishan Corp., 155 N.C. App. 205, 209, 573 S.E.2d 547, 549 (2002), this Court held that "a corporation must be represented by a duly admitted and licensed attorney-at-law and cannot proceed pro se unless doing so in accordance with the exceptions set forth in this opinion." None of the exceptions in Lexis-Nexis apply in this case, and Moore should not have been permitted to appear on plaintiff's behalf.
Turning to the merits of the appeal, plaintiff contends the trial court erred in granting summary judgment in favor of defendants. We agree.
"The party moving for summary judgment is entitled to judgment as a matter of law only when there is no genuine issue of material fact." Creech v. Melnik, 347 N.C. 520, 526, 495 S.E.2d 907, 911 (1998) (citing Koontz v. City of Winston-Salem, 280 N.C. 513, 518, 186 S.E.2d 897, 901 (1972)). "The party moving for summary judgment bears the burden of bringing forth a forecast of evidence which tends to establish that there is no triable issue of material fact." Id. (citing Caldwell v. Deese, 288 N.C. 375, 378, 218 S.E.2d 379, 381 (1975)). Once the moving party meets its burden, "the nonmoving party must then `produce a forecast of evidence demonstrating that the [nonmoving party] will be able to make out at least a prima facie case at trial.'" Id. (quoting Collingwood v. Gen. Elec. Real Estate Equities, 324 N.C. 63, 66, 376 S.E.2d 425, 427 (1989)).
Before summary judgment may be entered, it must be clearly established by the record before the trial court that there is a lack of any triable issue of fact. In making this determination, the evidence forecast by the party against whom summary judgment is contemplated is to be indulgently regarded, while that of the party to benefit from summary judgment must be carefully scrutinized. Further, any doubt as to the existence of an issue of triable fact must be resolved in favor of the party against whom summary judgment is contemplated.
Id. (citations omitted). This Court reviews de novo a trial court's decision to grant summary judgment. Howerton v. Arai Helmet, Ltd., 358 N.C. 440, 470, 597 S.E.2d 674, 693 (2004).
In the present case, the parties' pleadings conclusively establish the fact that they entered into a contract. Harris v. Pembaur, 84 N.C. App. 666, 670, 353 S.E.2d 673, 677 (1987) ("Facts alleged in the complaint and admitted in the answer are conclusively established by the admission.") (citing Champion v. Waller, 268 N.C. 426, 150 S.E.2d 783 (1966)). Plaintiff alleged in the complaint that it agreed to construct the house in exchange for an "agreed price[]," and defendants admitted in their answer that they agreed to pay plaintiff $185,000 in exchange for the provision of the labor and materials necessary to construct the house to defendants' specifications. Defendants' contention in their depositions, affidavits, and discovery responses that the agreed upon amount included the cost to defendants of the lot upon which the house was built does not defeat the fact that the parties entered into a contract for an agreed upon price. Defendants' forecast of evidence, however, conflicted on the following issues: the contract's terms, including the contractually agreed upon price and whether that price included the cost to defendants of purchasing the lot; and whether the parties subsequently modified the terms. These issues present questions of fact. Thus, defendants did not meet their burden of establishing the lack of any triable issue of fact, and the trial court erred in granting summary judgment in favor of defendants.
Because we reverse the trial court's order granting summary judgment, we do not address plaintiff's additional contention that the trial court erred in denying the motion for a continuance.
REVERSED.
Judges WYNN and ERVIN concur.
Report per Rule 30(e).