BOBBIE J. RICKS, Guardian of the Person and Designee or Payee of any benefits check, on behalf of SYLVESTER DAVIS, JR., an Incompetent, Plaintiff,
v.
LEROY DAVIS, Defendant.
No. COA08-1600
Court of Appeals of North Carolina
Filed July 7, 2009
This case not for publication
Battle, Winslow, Scott & Wiley, P.A., by M. Greg Crumpler, for plaintiff-appellee.
The Valentine Law Firm, by L. Wardlaw Lamar, for defendant-appellant.
ELMORE, Judge.
On 25 January 2008, Bobbie J. Ricks filed a civil complaint on behalf of Sylvester Davis, Jr. (plaintiff). Ms. Ricks is the daughter of plaintiff, who the trial court adjudicated to be incompetent on or about 17 November 1999. In the complaint, plaintiff alleged Leroy Davis (defendant), plaintiff's brother, falsely and fraudulently converted both real and personal property of plaintiff to his own use. Defendant filed a motion to dismiss plaintiff's complaint on 3 March 2008, alleging plaintiff failed to state a claim upon which relief could be granted. Defendant's motion came on for hearing before Judge John M. Britt on 23 July 2008. On 19 September 2008, the trial court entered an order appointing, on its own motion, Charles E. Craft as the guardian ad litem for plaintiff in this action. The trial court's order reserved further ruling on defendant's motion for future orders of the court, and gave the guardian ad litem thirty days within which to take whatever action he deemed to be in the best interests of plaintiff. Defendant filed notice of appeal from this order on 21 October 2008.
We first address whether defendant has a right to appeal from the order at issue. Because we hold defendant has no right to appeal from the order entered, we dismiss this appeal.
Interlocutory orders and judgments are those "made during the pendency of an action which do not dispose of the case, but instead leave it for further action by the trial court in order to settle and determine the entire controversy." Carriker v. Carriker, 350 N.C. 71, 73, 511 S.E.2d 2, 4 (1999) (citation omitted). "Generally, there is no right to immediate appeal from an interlocutory order." Milton v. Thompson, 170 N.C. App. 176, 178, 611 S.E.2d 474, 476 (2005) (citing N.C. Gen. Stat. § 1A-1, Rule 54(b) (2005); Veazey v. City of Durham, 231 N.C. 357, 362, 57 S.E.2d 377, 381 (1950)). A party may nevertheless immediately appeal from an interlocutory order when it affects a substantial right of the party. See N.C. Gen. Stat. §§ 1-277(a), 7A-27(d)(1) (2007). A substantial right is "a legal right affecting or involving a matter of substance as distinguished from matters of form: a right materially affecting those interests which [a party] is entitled to have preserved and protected by law: a material right." Oestreicher v. Am. Nat'l Stores, Inc., 290 N.C. 118, 130, 225 S.E.2d 797, 805 (1976) (citation and internal quotation marks omitted). The burden of showing an interlocutory order affects a substantial right and thus immediately appealable is on the appellant, and this Court will not "construct arguments for or find support for [an] appellant's right to appeal[.]" Thompson v. Norfolk & Southern Ry., 140 N.C. App. 115, 121, 535 S.E.2d 397, 401 (2000) (citations and quotation marks omitted).
The order at hand is clearly interlocutory as it did not dispose of the case and reserved further ruling on defendant's motion to dismiss for future orders of the trial court. Defendant does not argue that he has a right to appeal this interlocutory order because it affects a substantial right. Rather, defendant argues he has a right to appeal under N.C. Gen. Stat. § 1-277(b), which provides that "[a]ny interested party shall have the right of immediate appeal from an adverse ruling as to the jurisdiction of the court over the person or property of the defendant or such party may preserve his exception for determination upon any subsequent appeal in the cause." N.C. Gen. Stat. § 1-277(b) (2007). Defendant contends the trial court's order amounts to a denial of his motion to dismiss for lack of personal jurisdiction over the plaintiff and is immediately appealable pursuant to Section 1-277(b). We note however, that Section 1-277(b) permits an immediate appeal only from an adverse ruling as to whether the trial court may exercise personal jurisdiction over a defendant. Accordingly, even assuming arguendo that the trial court's order erred in failing to grant defendant's motion to dismiss for lack of personal jurisdiction over plaintiff, defendant does not have a right to appeal this order under N.C. Gen. Stat. § 1-277(b) because the order would only implicate the trial court's jurisdiction over the plaintiff, not a defendant.
Further, it is well established that "[o]nly a `party aggrieved' may appeal from an order or judgment of the trial division. An aggrieved party is one whose rights have been directly and injuriously affected by the action of the court." Culton v. Culton, 327 N.C. 624, 625, 398 S.E.2d 323, 324 (1990) (internal citations omitted). Here, the trial court's order appointing a guardian ad litem for plaintiff in this matter does not directly and injuriously affect the rights of defendant. See Id. at 626, 398 S.E.2d at 325 (holding a plaintiff-husband was not an aggrieved party with standing to challenge on appeal an order by the trial court appointing a guardian ad litem to the defendant-wife in a case involving the equitable distribution of marital property). As defendant has no appeal of right from the order entered by the trial court and has not established that the interlocutory order affects a substantial right, we dismiss defendant's appeal. Id.
Dismissed.
Chief Judge MARTIN and Judge BRYANT concur.
Report per Rule 30(e).