YADKIN COUNTY ET AL. V. CITY OF HIGH POINT ET AL.

(Filed 31 January, 1941.)

**Appeal and Error § 2—Appeals dismissed as premature, the conditions upon which the order appealed from was to be effective not having occurred.**

A decree in favor of movants on their motion for a modification of a prior restraining order entered in the cause was conditioned upon the final adjudication in favor of movants of a similar motion made in another case. There was no exception to the conditionality of the decree. *Held:* Until final adjudication in favor of movants in the other case, plaintiffs are not aggrieved, and their appeals will be dismissed as premature. C. S., 632.

CLARKSON, J., dissenting.

SEAWELL, J., dissents.

APPEALS by plaintiff, intervening plaintiffs and defendants from judgment of *Gwyn, J.,* modifying restraining order conditionally, at Chambers in Yadkinville, 22 August, 1940.

2. The basis of the joint application was an agreement between the parties purporting to adjust and compromise all differences which had produced this litigation and which resulted in the decree of 30 June, 1939.

3. When the matter came on for hearing on the following day, certain taxpayers of Yadkin County, sixty in number, filed petition to intervene as parties plaintiff, which was allowed in the court's discretion, and the intervening plaintiffs thereupon filed answer to the joint petition and opposed the application for modification on the ground that the purported agreement of settlement and compromise was illegal and void.

After extended arguments and hearings, the court found the facts and entered judgments, in part, as follows:

"It is, therefore, considered, ordered and adjudged that the judgment and restraining order heretofore entered in this cause be modified as follows: That upon the procurement of final judgment of modification in the case of *McGuinn v. High Point, et al.,* above referred to, permitting the City of High Point to proceed with the construction of the hydroelectric project, described in the pleadings, or upon its being finally

adjudged, in contempt proceedings or otherwise, that the City of High Point by reason of changed facts or circumstances is proceeding legally in the construction, operation and maintenance of said hydroelectric project; that the said City of High Point and the County of Yadkin shall be authorized and permitted to proceed in this case according to the terms and conditions of the contract entered into and hereto attached. That until one of the foregoing conditions is met the judgment in this case shall remain in full force and effect."

From this judgment the plaintiff, intervening plaintiffs and defendants appeal.

*W. M. Allen for plaintiff, Yadkin County, appellant and appellee.*

*Grover H. Jones, Roy L. Deal, and Boone Harding for defendants, City of High Point, et al., appellants.*

*Roy L. Deal, Grover H. Jones, and F. O. B. Harding for City of High Point, et al., defendants, appellees.*

*B. S. Womble and D. L. Kelly for intervening plaintiffs, appellants.*

STACY, C. J. It will be observed that the effectiveness of the order entered herein is dependent "upon the procurement of final judgment of modification in the case of *McGuinn v. High Point, et al.,* . . . or upon its being finally adjudged . . . that the City of High Point by reason of changed facts and circumstances is proceeding legally in the construction, operation and maintenance of said hydroelectric project." Neither of these conditions has been met, and may not be, as will appear by reference to the case of *McGuinn v. High Point, ante,* 56. Hence, the order entered in this subsequent proceeding has not yet become operative, and may not become operative. No appeal lies from a judgment until somebody is hurt or "aggrieved" by it. C. S., 632. None of the parties here is challenging the present judgment on the ground of its conditionality. The plaintiff and defendant are content with its form, and the intervening plaintiffs are the beneficiaries of the condition. It was inserted at their instance. In the absence of an exception to the form of the judgment, which stays its effectiveness, the appeals will be dismissed as premature.

It will be noted that the proceeding is one in equity, supplemental and summary in character, and not one in an action at law.

Appeals dismissed.

CLARKSON, J., dissenting: From the view I take in the action of *McGuinn v. High Point, ante,* 56, I think the judgment in this action should be affirmed. I think the city of High Point has done everything required by the former decision in this action.

SEAWELL, J., dissents.