NORTH CAROLINA TRUST COMPANY AND WILLIAM G. McNAIRY, TRUSTEES UNDER THE JOHN R. TAYLOR, JR. TRUST, PLAINTIFF-APPELLEES v. ELIZA P. TAYLOR AND AMANDA L. TAYLOR AND VIRGINIA BELL VANSTORY, DEFENDANT-APPELLEES v. JONATHAN R. HARKAVY, GUARDIAN AD LITEM FOR LINEAL DESCENDANTS OF ELIZA P. TAYLOR AND AMANDA L. TAYLOR, AND WILLIAM E. WHEELER, GUARDIAN AD LITEM FOR LINEAL DESCENDANTS OF REID S. TAYLOR, SR., DEFENDANT-APPELLANTS

No. COA98-291

(Filed 15 December 1998)

**1. Trusts— settlement of action to construe agreement— court approval not required**

An appeal from a declaratory judgment relating to handwritten changes to a trust agreement by the testator was dismissed where the parties settled before trial and asked the trial court to approve the settlement, the court entered judgment resolving all issues precisely as requested in the complaint, and defendants appealed. Although appellants argued that courts have inherent authority over the property of infants and that the contract of settlement should receive appellate approval under *Sternberger Foundation v. Tannenbaum*, 273 N.C. 685, this case is distinguishable in that no charitable trust is involved and the issues involve purely private interests; moreover, the settlement here merely determined the validity of handwritten changes to the trust agreement and did not alter the express terms of the testator's will, as in Sternberger.

**2. Appeal and Error— assignments of error—deemed abandoned—mere request to review lower court**

Assignments of error were deemed abandoned in an appeal from a declaratory judgment relating to a trust agreement where

N.C. TRUST CO. v. TAYLOR

[131 N.C. App. 690 (1998)]

the appellants asked the Court of Appeals to "examine" and "review" the decision of the court below but discussed no grounds to substantiate their assignments of error.

3. **Appeal and Error— parties aggrieved—settlement—argument a pretext to obtain appellate approval**

An appeal was dismissed where a declaratory judgment action was filed relating to a trust agreement, the parties settled, the trial court entered judgment resolving all issues precisely as requested in the trustees' complaint, and defendants appealed. Appellants' briefs indicate that the argument that the judgment was not supported by the findings and conclusions is a pretext designed to obtain appellate approval of the settlement agreement rather than a determination that the trial court erred. The failure to demonstrate any injury resulting from the decision of the trial court compels the determination that appellants are not parties aggrieved.

Appeal by defendant from judgment entered 16 December 1997 by Judge Thomas W. Ross in Guilford County Superior Court. Heard in the Court of Appeals 26 October 1998.

*Brooks, Pierce, McLendon, Humphrey & Leonard, L.L.P., by Hubert Humphrey; and Schell, Bray, Aycock, Abel & Livingston, P.L.L.C., by Michael R. Abel, for plaintiff-appellees.*

*Patterson, Harkavy & Lawrence, L.L.P., by Jonathan R. Harkavy, for defendant-appellant, guardian ad litem for the lineal descendants of Eliza P. Taylor and Amanda L. Taylor.*

*Wyatt, Early, Harris & Wheeler, L.L.P., by William E. Wheeler and Scott F. Wyatt, for defendant-appellant, guardian ad litem for the lineal descendants of Reid S.Taylor.*

*Hill, Evans, Duncan, Jordan & Davis, P.L.L.C., by Thomas C. Duncan and Everett B. Saslow, Jr., for defendant-appellee, Virginia Bell Vanstory.*

*Adams, Kleemeier, Hagan, Hannah & Fouts, P.L.L.C., by Daniel W. Fouts, for defendant-appellees, Eliza P. Taylor and Amanda L. Taylor.*

*Turner, Enochs & Lloyd, P.A., by Herman G. Enochs, Jr., for defendant-appellee, Reid S. Taylor, Sr.*

SMITH, Judge.

On 31 March 1997, North Carolina Trust Company and William G. McNairy, as trustees under the John R. Taylor, Jr. revocable trust agreement (the agreement), filed a complaint seeking a declaratory judgment relating to the validity and construction of the agreement. On 1 April 1997, the court appointed appellants Wheeler and Harkavy as guardians *ad litem* for the lineal descendants of Reid S. Taylor (Wheeler's wards), Eliza P. Taylor, and Amanda L. Taylor (Harkavy's wards). This case was designated an exceptional case pursuant to Rule 2.1 of the General Rules of Practice and assigned to Judge Ross. Before trial began, the parties agreed on terms for settlement. The parties asked Judge Ross to approve the settlement's resolution of validity and construction issues. On 10 November 1997, after a hearing, Judge Ross allowed both guardians *ad litem* to submit written analyses of the issues before him. On 19 December 1997, Judge Ross entered judgment resolving all issues precisely as requested in the trustees' complaint. Defendants appeal.

Each appellant assigns error claiming that the trial court's judgment is not supported by its findings of fact and conclusions of law as adduced from the evidence presented. Appellants make *no* argument in support of their respective assignments of error. Furthermore, based on their briefs, we conclude that appellants are not parties aggrieved. Thus, we dismiss the appeal.

[1] In their briefs, appellants argue that courts in this State "have inherent authority over the property of infants and will exercise this jurisdiction whenever necessary to preserve and protect children's estates and interests." *Sternberger Foundation v. Tannenbaum*, 273 N.C. 658, 674, 161 S.E.2d 116, 128 (1968) (where our Supreme Court reviewed a judgment approving a contract of settlement, which altered the express provisions of the residuary clause in the testator's will). In *Sternberger*, our Supreme Court held that "[b]ecause of the extreme importance of this matter to the parties *and to the public generally* [sic] the contract of settlement should receive the approval of this Court." *Id.* at 678, 161 S.E.2d at 131 (emphasis added). However, the instant case is distinguishable from *Sternberger*. Here, the issues decided regard purely private interests. There is no charitable trust involved. Therefore, the public policy considerations present in *Sternberger* are absent. In addition, the settlement in *Sternberger*, altered the express terms of the testator's will. Here, however, the trial court merely determined the validity of handwrit-

**N.C. TRUST CO. v. TAYLOR**

[131 N.C. App. 690 (1998)]

ten changes to the trust agreement and construed the instrument incorporating these changes. Appellants do not contend that the settlement varied the terms of the Trust. Rather, they assert that the settlement is in the best interests of their respective wards. Thus, we are not bound by *Sternberger* to review the decision of the trial court.

**[2]** Additionally, Rule 28(b)(5) of the Rules of Appellate Procedure limits our review to questions that are supported by the arguments made in the brief. *See State v. Cohen*, 301 N.C. 220, 270 S.E.2d 416 (1980). Rule 28 requires that "assignments of error be *brought forward and discussed* in the brief in order to properly present questions for review on appeal." *State v. Samuels*, 298 N.C. 783, 785, 260 S.E.2d 427, 429 (1979) (emphasis added). Where an appellant brings forth no argument or authority in their briefs in support of an assignment of error, the assignment of error is deemed abandoned. *See Taylor v. Nationsbank Corp.*, 125 N.C. App. 515, 481 S.E.2d 358, *disc. review allowed*, 346 N.C. 288, 487 S.E.2d 570, *disc. review denied as improvidently granted*, 347 N.C. 388, 493 S.E.2d 57 (1997). Here, appellants ask this Court to "examine" and "review" the decision of the court below but discuss no grounds to substantiate their assignments of error. As appellants have not brought forth and discussed their assignments of error, they are deemed abandoned.

**[3]** Furthermore, we hold that appellants in this case are not parties aggrieved by the decision of the trial court. North Carolina law has long reflected the principle that only parties aggrieved by the action of the lower court can appeal. *See Yadkin County v. High Point*, 219 N.C. 94, 13 S.E.2d 71 (1941). This concept has been codified in section 1-271, which states that "any party aggrieved may appeal." N.C. Gen. Stat. § 1-271 (1996). A party is aggrieved when its "rights have been *directly and injuriously affected* by the action of the court" and can therefore appeal from an order or judgment of the trial division. *Culton v. Culton*, 327 N.C. 624, 625, 398 S.E.2d 323, 324 (1990) (emphasis added). Here, appellants claim that the trial court's judgment is not supported by its findings and conclusions. Appellants' briefs, however, indicate that this argument is a pretext, designed to obtain appellate approval of the settlement agreement rather than a determination that the trial court erred. In his brief, appellant Harkavy states that this Court should *affirm* the trial court's judgment, which he feels is in the best interest of his wards. From his apparent satisfaction with the judgment, we conclude that appellant Harkavy is not a party aggrieved by the trial court's decision. Similarly, appellant Wheeler fails to argue that his ward's interests

were directly and injuriously affected. Rather, he seeks "to put future potential litigation to rest and to provide a final adjudication of the issues raised," (validity and construction). Appellants' failure to demonstrate any injury resulting from the decision of the trial court compels us to determine that they are not parties aggrieved. Consequently, we dismiss their appeal.

Appeal dismissed.

Chief Judge EAGLES and Judge TIMMONS-GOODSON concur.