GERALDINE H. STEADMAN, Plaintiff v. THOMAS ALAN STEADMAN, Defendant

No. COA01-376

(Filed 19 February 2002)

**Appeal and Error— appealability—interlocutory order—partial summary judgment—spousal support agreement**

. Defendant husband's appeal from the trial court's grant of partial summary judgment in favor of plaintiff wife regarding arrearages owed to plaintiff under the terms of the parties' spousal support agreement is dismissed as an appeal from an interlocutory order and defendant is taxed under N.C. R. App. P. 34(a)(2) with the entire costs because this appeal is defendant's second premature appeal to the Court of Appeals.

Appeal by defendant from order entered 15 December 2000 by Judge H. Paul McCoy, Jr., in Halifax County District Court. Heard in the Court of Appeals 31 January 2002.

*William T. Skinner, IV, for plaintiff-appellee.*

*Moseley, Elliott, Sholar, and Dickens, L.L.P., by William F. Dickens, Jr., for defendant-appellant.*

SMITH, Judge.

Defendant appeals from an order of the district court granting partial summary judgment in favor of plaintiff. In the order, the trial court determined that plaintiff was entitled to a money judgment against defendant for arrearages owed to her under the terms of a spousal support agreement. The court then stated:

The balance of the issues for the Court to determine on summary judgment concerning the amount of the money judgment to be established in favor of the plaintiff and the amount of attorney

fees to be allowed to plaintiff's attorney is continued for hearing at the February 6, 2001 Session of Halifax County Civil District Court.

Prior to the trial court's determination of the amount of money due plaintiff, defendant filed notice of appeal to this Court.

Defendant has appealed from an interlocutory order. An order is interlocutory "if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *N.C. Dept. of Transportation v. Page*, 119 N.C. App. 730, 733, 460 S.E.2d 332, 334 (1995) (citation omitted). Although interlocutory orders are generally not immediately appealable, a litigant may appeal from an interlocutory order which affects a substantial right. *Hart v. F.N. Thompson Constr. Co.*, 132 N.C. App. 229, 511 S.E.2d 27 (1999) (citing N.C. Gen. Stat. § 1-277(a); N.C. Gen. Stat. § 7A-27). A substantial right has been defined as "one which will clearly be lost or irremediably adversely affected if the order is not reviewable before final judgment." *Blackwelder v. Dept. of Human Resources*, 60 N.C. App. 331, 335, 299 S.E.2d 777, 780 (1983). It is well settled that a judgment which determines liability but which leaves unresolved the amount of damages is interlocutory and cannot affect a substantial right:

> [i]f . . . [such a] partial . . . judgment is in error defendant can pre-serve its right to complain of the error on appeal from the final judgment by a duly entered exception. Even if defendant is correct on its legal position, the most it will suffer from being denied an immediate appeal is a trial on the issue of damages.

*Johnston v. Royal Indemnity Co.*, 107 N.C. App. 624, 625, 421 S.E.2d 170, 171 (1992) (citation omitted). Defendant's appeal in the present case is interlocutory, does not affect a substantial right, and the appeal is therefore dismissed. We remand this case for a determination of the amount of money due plaintiff as a result of defendant's non-payment of spousal support and such other proceedings as may be appropriate.

In addition, we note that this interlocutory appeal is the second premature appeal to this Court by this defendant in the instant case. Accordingly, this Court is constrained to conclude that the appeal was taken for an improper purpose so as to cause unnecessary delay and needless increase in the cost of this litigation. N.C.R. App. P. 34(a)(2). Pursuant to Rule 34, the Court imposes the following

**STEADMAN v. STEADMAN**

[148 N.C. App. 713 (2002)]

sanction: the appellant is taxed with the entire costs, to be doubled, with appellant paying one cost and appellant's counsel paying one cost.

Appeal dismissed and costs taxed to appellant and appellant's counsel.

Judges TIMMONS-GOODSON and BRYANT concur.