TONY W. ALEXANDER AND WIFE SARAH M. ALEXANDER; ROGER L. MILLER AND WIFE PENNY W. MILLER; SHARON BELL RICH; DONNY L. WILLIAMS AND WIFE DEBRA C. WILLIAMS, ON BEHALF OF THEMSELVES, AND OTHERS SIMILARLY SITUATED, PLAINTIFFS v. DAIMLERCHRYSLER CORPORATION, AND DAIMLERCHRYSLER MOTORS CORPORATION, AND HICKORY AUTOMALL CHRYSLER PLYMOUTH, INC.; AUTO USA, INC., D/B/A EMPIRE CHRYSLER DODGE JEEP EAGLE; AND YSU AUTOMOTIVE, INC., F/K/A SHELBY CHRYSLER PLYMOUTH JEEP EAGLE, INC., ON BEHALF OF THEMSELVES, AND OTHER CHRYSLER DEALERS SIMILARLY SITUATED, DEFENDANTS

No. COA02-767

(Filed 1 July 2003)

**1. Appeal and Error— appealability—requested relief granted**

Plaintiffs were not aggrieved parties who could appeal the trial court's requirement that they receive approval from the court before withdrawing their request for class certification. Plaintiffs argued that the court approval required by N.C.G.S. § 1A-1, Rule 23(c) applies only after a request for certification has been granted, the court ruled that approval of the withdrawal was required in this case, and the court then granted plaintiffs the relief they sought and allowed the withdrawal.

**2. Appeal and Error— preservation of issues—notice of withdrawal of class notification request—no final decision—plaintiff's agreement**

A purported error was not preserved for appellate review where the trial court required plaintiffs to notify potential members of a lawsuit class that the request for class certification had been withdrawn, a final decision was not made on the type of notice, and plaintiffs agreed that some type of notice was fair and necessary.

**3. Appeal and Error— appealability—withdrawal of class certification request—court's authority during decision—no final decision**

The question of the trial court's authority during the withdrawal of a request for class certification was not properly appealed where the court did not made a final decision.

**4. Appeal and Error— appealability—order to attend show cause hearing—no final decision**

An order that an attorney withdrawing a request for class certification attend a show cause hearing was not ripe for appeal because the court did not decide whether the attorney had violated a court order and should be held in contempt. There was no final decision.

**5. Appeal and Error— appealability—review of voluntary dismissal—not a final decision**

The issue of whether an order that a voluntary dismissal would require court approval was not ripe for review because no final decision was made. The court did not approve or disapprove the settlement or the voluntary dismissal; it merely held that a review of the dismissal was necessary.

Judge LEVINSON concurring in part and dissenting in part.

Appeal by plaintiffs from orders entered 13 and 19 February 2002 by Judge Ben F. Tennille in Wake County Superior Court. Heard in the Court of Appeals 19 May 2003.

*Abrams & Abrams, P.A., by Douglas B. Abrams, for plaintiff-appellants.*

*Womble, Carlyle, Sandridge and Rice, P.L.L.C., by Burley B. Mitchell, Jr. and Christopher T. Graebe, for defendant-appellees.*

EAGLES, Chief Judge.

Tony and Sarah Alexander, Roger and Penny Miller, Sharon Bell Rich and Donny and Debra Williams ("plaintiffs") appeal from orders by the trial court entered on 13 and 19 February 2002. Plaintiffs argue that the orders were erroneous because: (1) plaintiffs did not need court approval before withdrawing their motion for class certification; (2) plaintiffs were not required to give notice of their intention to withdraw the motion for class certification; (3) the trial court did

not have the authority to force plaintiffs and their attorneys to submit information regarding their contact with the media; (4) the trial court did not have authority to force plaintiffs' attorney to appear before another court to show cause; and (5) plaintiffs' voluntary dismissal of their case against one defendant did not require the trial court's approval. After careful review of the record, briefs and arguments of counsel, we dismiss this appeal as interlocutory and not affecting a substantial right.

Plaintiffs here purchased automobiles from various dealerships in North Carolina. The Alexanders bought a 1995 Jeep sport utility vehicle from defendant Hickory Automall. The Millers bought a 1996 Dodge truck from defendant Empire Chrysler Dodge Jeep Eagle on 17 January 1998. Plaintiff Sharon Bell Rich bought a 1996 Dodge Grand Caravan from defendant YSU Automotive on 28 November 1997. Donny and Debra Williams purchased a 1996 Dodge Ram pickup truck from Benson Ford-Mercury, Inc. on 6 November 1996. All of these vehicles had been sold to an original owner and repurchased by defendant Chrysler because of defects in the vehicles. Plaintiffs contend that the vehicles were sold to them without disclosure about the vehicles' defects or notice that the vehicles had been repurchased by the dealers.

Plaintiffs filed suit against defendants claiming negligence by defendants, unfair and deceptive trade practices and requesting punitive damages. In the complaint, plaintiffs requested the trial court to certify a class of plaintiffs and a defendant class composed of dealerships.

Plaintiffs moved for certification of a plaintiff class and a defendant class by a separate motion on 22 March 2001. Defendants DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation moved to dismiss all plaintiff's requests and allegations regarding a class action. On 12 June 2001, the case was transferred to the Special Superior Court for Complex Business Cases.

On 7 November 2001, plaintiffs notified defendants that plaintiffs were withdrawing their request and motion for certification as a class. Defendants objected to plaintiffs' withdrawal. Defendants argued that plaintiffs could not withdraw their request for class certification unless plaintiffs received the trial court's approval. Also, defendants stated that some type of notice to putative class members was required before the class certification motion could be withdrawn.

ALEXANDER v. DAIMLERCHRYSLER CORP.

[158 N.C. App. 637 (2003)]

Plaintiffs filed a request to amend their complaint on 20 November 2001 so that the class action language could be removed. Defendants DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation filed motions for summary judgment against all of the plaintiffs individually. A document entitled "Disclosure Notice" was attached to each motion filed against the individual plaintiffs. The Disclosure Notice listed the repairs performed on each plaintiff's vehicle and contained the purchasing plaintiff's signature.

On 8 September 2002, plaintiffs settled their claims against Defendant Auto, USA, which operates as Empire Chrysler Jeep Dodge Eagle. Plaintiffs gave notice of the settlement and also voluntarily dismissed their claims against Empire with prejudice.

The trial court ordered that plaintiffs could not withdraw their request for a class certification, amend their complaint to delete the request for class certification or voluntarily dismiss their claims against any defendant without express approval from the trial court. The trial court held that if the court did not have an opportunity to review class certification withdrawals, class plaintiffs could prejudice other members of the putative class by withdrawing without notifying the other class members. The trial court then allowed plaintiffs to withdraw the request for class certification. However, the trial court required both plaintiffs and defendants to submit affidavits detailing any contact with the media regarding this case. Also, all parties were ordered to submit a proposed plan of notification designed to notify all potential class members who believed that plaintiffs represented the other members' interests. Plaintiffs and defendants DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation submitted a notification plan. The trial court has not decided what type of notification to potential class members is appropriate in its 19 February 2002 order or in any other order.

Defendants also requested immediate contempt sanctions against plaintiffs' counsel H.C. Kirkhart on 8 November 2001. Kirkhart had been enjoined from soliciting prospective clients from customer lists and other information he received as part of discovery against DaimlerChrysler. Defendants alleged that Kirkhart solicited clients in violation of that injunction. Kirkhart responded to defendants' allegations by stating that any solicitation that he participated in took place when the information was a matter of public record or otherwise when the injunction was not effective. The State Bar conducted an investigation of Kirkhart's activities and found no violation of the Rules of Professional Conduct. By an order on 13 February 2002, the

trial court instructed Kirkhart to appear before the trial judge that issued the injunction and show cause why he should not be held in contempt for violating the injunction. In its 13 February 2002 order, the trial court did not hold Kirkhart in contempt or force him to end his representation of plaintiffs. No hearing has yet been held by the trial court that originally issued the injunction against Kirkhart. Plaintiffs appeal from the trial court's orders entered on 13 and 19 February 2002.

We note that a party cannot appeal an interlocutory order by the trial court unless the order affects a substantial right. G.S. § 1-277 (2001). A judgment or order is considered interlocutory if it is not a "final determination of the rights of the parties." G.S. § 1A-1, Rule 54(a). An appeal may only arise from a final determination of all the parties' claims by the trial court. G.S. § 1A-1, Rule 54(b). Also, G.S. § 1-271 states that "[a]ny party aggrieved may appeal . . . ." However, a party is considered to be aggrieved only if the party's "rights have been directly and injuriously affected by the action of the court." *N.C. Trust Co. v. Taylor*, 131 N.C. App. 690, 693, 508 S.E.2d 809, 811 (1998) (quoting *Culton v. Culton*, 327 N.C. 624, 625, 398 S.E.2d 323, 324 (1990)).

**[1]** Plaintiffs' first argument asserts that the trial court erred by holding that plaintiffs were required to receive the trial court's approval before plaintiffs could withdraw their request for class certification. Plaintiffs and defendants dispute the applicability of Rule 23 of the North Carolina Rules of Civil Procedure:

> A class action shall not be dismissed or compromised without the approval of the judge. In an action under this rule, notice of a proposed dismissal or compromise shall be given to all members of the class in such manner as the judge directs.

G.S. § 1A-1, Rule 23(c). Plaintiffs argue that the requirement of court approval outlined in Rule 23(c) only applies after a request for class certification has been granted and does not apply to the situation here where class certification has only been requested. Here, the trial court found that plaintiffs were required to have court approval before they could withdraw their request for class certification by amendment of their complaint or by a separate motion. After analyzing the possible negative effects on potential members of the class lawsuit, the trial court also stated in its order that withdrawal of the class claims was justified. The trial court granted plaintiffs the relief they sought by allowing the withdrawal of the class claims. As a

result, plaintiffs are not "parties aggrieved" who are allowed to appeal this issue. Accordingly, plaintiffs' first assignment of error is overruled.

**[2]** Plaintiffs contend that the trial court erred by requiring plaintiffs to notify potential members of the lawsuit class that plaintiffs had withdrawn their request for class certification. Plaintiffs argue that notification of putative members of the class is not necessary because Rule 23(c) does not apply in this instance. Plaintiffs contend that no prejudice could affect possible class members if the class certification request was voluntarily withdrawn. We decline to address plaintiffs' arguments on this issue for two reasons. First, no final decision has been made on what type of notice will be proper in this case. According to Rule 54, appellate review is not proper because the trial court has not issued a final decision on notice. Second, this purported error has not been preserved for appellate review according to N.C.R. App. P. 10(b). During the trial court hearing, plaintiffs agreed with defendants that some type of notice to the putative class was fair and necessary before the class certification was withdrawn in this case. Therefore, plaintiffs' second assignment of error has no merit and is overruled.

**[3]** Plaintiffs also dispute the trial court's authority to order both parties to submit affidavits about the parties' contacts with the media. Plaintiffs argue that this information was irrelevant to the trial court's decision. During the trial court hearing, defendants presented evidence of plaintiffs' extensive contacts with various members of the media. The trial court found that "[t]he existence of that publicity substantially increases the likelihood that there are absent class members who may be relying on the class representatives to pursue their claims." The issue of notification is tied to plaintiffs' contacts with members of the media. However, since the trial court has not made a final decision regarding what notification should be given to the putative plaintiff class, this issue may not be properly appealed. This assignment of error is dismissed.

**[4]** Plaintiffs' fourth argument refers to the trial court's holding in the 13 February order that plaintiffs' attorney Kirkhart was required to attend a show-cause hearing. The trial court did not decide whether or not Kirkhart had violated a court order and should be held in contempt of court. Instead, the court referred Kirkhart to the judge who signed the original order that he was accused of violating. Since the trial court made no final decision on this matter, it was not ripe for appeal. Plaintiffs' fourth assignment of error is overruled.

ALEXANDER v. DAIMLERCHRYSLER CORP.

[158 N.C. App. 637 (2003)]

**[5]** Plaintiffs assign error to the trial court's holding that the voluntary dismissal of the Millers' claims against defendant Empire would require court approval. Again, no final decision has been made on this issue in the order. The trial court did not approve or disapprove the settlement agreement or voluntary dismissal; it held that a review of the dismissal was necessary. Accordingly, this issue was not properly appealed.

For the reasons stated, this appeal is dismissed. Defendants Hickory Automall and YSU Automotive's motion to dismiss this appeal based upon appellate rule violations is denied. Defendants DaimlerChrysler Corporation and DaimlerChrysler Motors Corporation's motion to dismiss this appeal as interlocutory is granted, but their request for payment of attorney fees is denied.

Dismissed.

Judge BRYANT concurs.

Judge LEVINSON concurs in part and dissents in part.

LEVINSON, Judge, concurring in part and dissenting in part.

While I agree with the majority's dismissal of plaintiffs' appeal, I respectfully dissent from the denial of defendants' motion for attorney fees.

Under N.C.R. App. P. 34, "Frivolous appeals; Sanctions" this Court is authorized under certain circumstances to impose sanctions, including attorneys' fees, upon a party:

(a) A court of the *appellate division may . . . impose a sanction* against a party or attorney or both when the court determines that an appeal or any proceeding in an appeal was frivolous because of one or more of the following:

(1) the appeal was *not well grounded in fact and warranted by existing law or a good faith argument for the extension,* modification, or reversal of existing law;

. . . .

(b) A court of the appellate division may impose one or more of the following sanctions:

. . . .

c. reasonable expenses, including reasonable attorney fees . . . .

N.C.R. App. P. 34(a)(1); (b)(2)c (emphasis added). I conclude that in the present case plaintiffs' interlocutory appeal was "not . . . warranted by existing law or a good faith argument for the extension, modification, or reversal" of existing law. Accordingly, I would grant defendants' Rule 34 motion for sanctions, and would require plaintiffs to pay defendants' reasonable attorney fees. *See Steadman v. Steadman*, 148 N.C. App. 713, 714, 559 S.E.2d 291, 292 (2002) (imposing Rule 34 sanctions, including attorney's fees, where "this Court is constrained to conclude that the appeal was taken for an improper purpose so as to cause unnecessary delay and needless increase in the cost of this litigation").

Regarding plaintiffs' appeal from a holding that they would be required to provide notice to potential class members of their intention to withdraw their motion for class certification, I note plaintiffs *conceded* during the motions hearing in the trial division it would need to provide some notice to putative class members. Further, the trial court's ruling is entirely interlocutory; at this juncture the trial court has merely memorialized its intention to require notification and has not even ruled on the type of notice it will require. Interestingly, plaintiffs rely on defendants' estimate of $100,000 to provide notice as a ground for appeal. Specifically, plaintiffs contend that the outlay of this amount of money affects a substantial right. Again, however, we have no idea of what type of notice the trial court will require—or the attendant cost—or upon which parties this burden might fall. Perhaps the cost will be $10,000. Maybe $1,000,000. We cannot know at this point. Plaintiffs also contend that the trial court's order requiring them to provide affidavits related to their contacts with the media, consumer groups, trade associations or attorneys affects a substantial right that would be lost without relief from this Court, namely their ability to "further investigate the long-standing pattern of corporate misconduct by Appellees DaimlerChrysler." The force of this argument is completely lost, however, when one considers the fact plaintiffs have previously *voluntarily complied* with this directive of the trial court. Further, in a related assignment of error, plaintiffs contend the trial court erred in holding that court approval of the Millers' voluntary dismissal of claims against Empire Dodge was required. As the majority opinion correctly points out, however, the trial court has not yet approved or disapproved the voluntary dismissal. The gravamen of plaintiffs' appeal—that the trial court lacks

the authority to require notification under the facts of this case, and that court approval of a voluntary dismissal is not required—will not be lost by a later, proper appeal.

Plaintiffs also purport to appeal from the trial court's order referring defendants' Show Cause motion to Judge Stafford G. Bullock, who was designated by Judge Donald W. Stephens, Senior Resident Superior Court Judge, to hear matters related to this issue. Plaintiffs' contention, that the order of the trial court referring the Show Cause to another judge affects a substantial right, is patently frivolous. The order was a routine administrative transfer which determined no substantive issue in the case, and affected no substantial right. *See Romig v. Jefferson-Pilot Life Ins. Co.*, 132 N.C. App. 682, 686, 513 S.E.2d 598, 600 (1999), *aff'd*, 351 N.C. 349, 524 S.E.2d 804 (2000) (Court dismisses as interlocutory defendant's appeal from discovery order that did "not impose sanctions or adjudge defendant to be in contempt[,]" and rejects argument that order "deprives defendant of the substantial right to a fair and impartial adjudication of the class certification issue"). The trial court's order itself states, "[w]hether the contempt, if any, is civil or criminal is a determination this Court will leave to the judge who hears the motion."

Plaintiffs' appeal has needlessly extended this litigation and prevented the trial court from conducting, *inter alia*, a hearing on defendants' Show Cause motion. It is self-evident this appeal does not affect any substantial rights. I would grant defendants' motion for attorney fees.