JERRY S. MILLS, Individually and as Executor for the Estate of PAULINE E. MILLS, deceased, Plaintiff,
v.
WACHOVIA BANK NA, as Successor in Interest to FIRST UNION NATIONAL BANK OF NORTH CAROLINA, ANN M. TOMBERLIN, DORIS M. GREENE, NATHAN J. GREENE, BOBBY K. HELMS and CYNTHIA H. SIMPSON, Defendants.
No. COA07-365
Court of Appeals of North Carolina
Filed July 15, 2008
This case not for publication
Franklin S. Hancock, for plaintiff-appellant.
Parker Poe Adams & Bernstein, LLP, by Michael G. Adams, for defendants-appellees Wachovia Bank, NA.
Perry, Bundy, Plyler & Long, L.L.P., by H. Ligon Bundy, for defendants-appellees.
JACKSON, Judge.
Jerry S. Mills ("plaintiff") appeals from an order of the trial court entered 15 December 2006 dismissing his claims against Wachovia Bank, N.A. ("Wachovia"), Ann M. Tomberlin ("Tomberlin"),Doris M. Greene ("Doris Greene"), Nathan J. Greene ("Nathan Greene"), Bobby K. Helms ("Helms"), and Cynthia H. Simpson ("Simpson") (collectively, "defendants"). For the following reasons, we affirm.
The facts of the instant case, which are set forth in greater detail in the related appeal of In re Estate of Mills, 652 S.E.2d 752, 2007 N.C. App. LEXIS 2344 (N.C. Ct. App. Nov. 20, 2007), show that on 20 May 2005, plaintiff, Tomberlin, Doris Greene, and Robert D. Mills ("Mills") were appointed co-executors of the Estate of Pauline E. Mills ("decedent") and issued Letters Testamentary. During the subsequent months, plaintiff began to believe that defendants  acting in various combinations  conspired to convert, embezzle, and dissipate decedent's assets, both before and after her death.
On 26 July 2006, plaintiff filed a complaint against defendants, alleging as grounds for liability: (1) violation of North Carolina General Statutes, section 28A-13-10 by Tomberlin and Doris Greene; (2) breach of fiduciary duty by Simpson, Tomberlin, and Doris Greene; (3) commission of constructive fraud by Helms, Simpson, Tomberlin, Doris Greene, and Nathan Greene; (4) commission of fraud by Simpson, Tomberlin, and Doris Greene; (5) commission of unfair and deceptive trade practices by Simpson, Tomberlin, and Doris Greene; (6) breach of contract by Wachovia, Simpson, Tomberlin, and Doris Greene; (7) commission of larceny by Simpson, Tomberlin, and Doris Greene; (8) conversion of certain property by all defendants; (9) commission of civil conspiracy by all defendants; (10) commission of identity theft by Helms, Simpson, Tomberlin, and Doris Greene; (11) commission of forgery and misrepresentation by Helms, Tomberlin, and Doris Greene; (12) exercising of undue influence on decedent by Helms, Simpson, Tomberlin, and Doris Greene. In addition to the recovery of property and other damages, plaintiff also sought (1) to remove Tomberlin and Doris Greene as executors of the Estate and (2) an accounting from all defendants of any transfers of decedent's property while acting under either a power of attorney or pursuant to an alleged fraudulent deed.
On 22 September 2006, Tomberlin, Simpson, Helms, Doris Greene, and Nathan Greene filed a motion to dismiss, alleging that (1) plaintiff lacked standing to bring claims of the estate on his own behalf; (2) plaintiff failed to join necessary parties; (3) the trial court lacked subject matter jurisdiction to remove Tomberlin and Doris Greene as executors of the Estate; and (4) plaintiff failed to state a claim for relief. On 25 September 2006, Wachovia executed a motion to dismiss, alleging that (1) plaintiff lacked standing to assert claims on behalf of the Estate; (2) plaintiff failed to state a claim for relief as a result of seeking to enforce an interlocutory order entered in a case that plaintiff voluntarily dismissed; (3) plaintiff failed to state a claim for relief as a result of the expiration of the applicable statute of limitations.
By order filed 15 December 2006, the trial court (1) granted defendants' motions to dismiss plantiff's claims brought on behalf of the estate on the ground that plaintiff lacked standing to bring the action on behalf of the Estate; and (2) granted defendants' motions to dismiss with respect to plaintiff's individual claims on the grounds that plaintiff failed to state claims upon which relief could be granted. Thereafter, plaintiff gave timely notice of appeal.
On appeal, plaintiff first contends that the trial court erred in dismissing his complaint for lack of standing with respect to the Estate's claims. We disagree.
This Court reviews the granting of a motion to dismiss under a de novo standard of review. See N.C. State Bar v. Brewer, 183 N.C. App. 229, 238, 644 S.E.2d 573, 579 (2007). It is well-established that "[i]f a party does not have standing to bring a claim, a court has no subject matter jurisdiction to hear the claim."Estate of Apple v. Commercial Courier Express, Inc., 168 N.C. App. 175, 177, 607 S.E.2d 14, 16, disc. rev. denied, 359 N.C. 632, 613 S.E.2d 688 (2005). Plaintiff, as the party seeking to invoke the trial court's jurisdiction, had the burden of proving standing. See Coker v. DaimlerChrysler Corp., 172 N.C. App. 386, 391, 617 S.E.2d 306, 310 (2005), aff'd, 360 N.C. 398, 627 S.E.2d 461 (2006) (per curiam). "We reviewde novo a trial court's decision to dismiss a case . . . for lack of standing." Blinson v. State, ___ N.C. App. ___, ___, 651 S.E.2d 268, 273 (2007) (citingFuller v. Easley, 145 N.C. App. 391, 395, 553 S.E.2d 43, 46 (2001)). Decedent's will named plaintiff, plaintiff's brother Robert D. Mills, and defendants Doris M. Green and Ann M. Tomberlin as joint executors. N.C. Gen. Stat § 28A-13-6(e) states in relevant part:
Subject to subsections (b), (c1), and (d) of this section, all other acts and duties must be performed by both of the personal representatives if there are two, and by a majority of them if there are more than two.
Because there were four executors at the time plaintiff filed this complaint, pursuant to 28A-13-6(e), a majority-at least three-were required to join in the suit for all claims made on behalf of decedent's estate. Plaintiff is the sole executor named as a plaintiff in the complaint. Plaintiff contends that because two of the executors, Doris Green and Ann Tomberlin, were named as defendants in the suit, and were alleged to have committed fraud and other acts against the estate, he was not required to obtain their agreement to file the complaint. We need not address this issue.
Assuming arguendo plaintiff is correct that defendant executors should be excluded from the provisions of 28A-13-6(e), the causes of action filed by plaintiff acting in his capacity as executor still fail to satisfy the requirements of that statute. Executor Robert Mills is not named as a defendant in the complaint, and plaintiff does not argue that Robert Mills acted in any manner inconsistent with proper administration of the estate, nor that he acted in any manner against plaintiff's personal interests. Therefore, even assuming arguendo plaintiff, acting as executor, could move forward with the suit as if Doris Greene and Tomberlin were not executors, he still was required to obtain the agreement of the majority of the remaining executors. Because Robert Mills did not join plaintiff in filing the suit in his capacity as executor, plaintiff has filed this complaint on behalf of decedent's estate in violation of the express provisions of North Carolina General Statutes, section 28A-13-6(e), which requires the approval of both executors when there are two. As one of at least two- and possibly four-executors, plaintiff, acting alone, lacked standing to initiate the instant suit. This argument is without merit.
Plaintiff also argues that the trial court erred in dismissing his individual claims against Wachovia, Doris Greene, Tomberlin and Simpson. We disagree.
Plaintiff contends in his complaint that Wachovia (then First Union National Bank), Doris Greene, Tomberlin and Simpson committed conversion and breach of contract by transferring funds from accounts he alleges were held jointly by decedentas trusteeand himself and Robert Mills, to an account controlled by Doris Greene, Tomberlin and Simpson.
Plaintiff and Robert Mills initiated an action in 1996 to recover these funds, and by a 25 February 1997 order, the trial court ordered defendant Wachovia to transfer the contested funds into a trust account controlled by the Union County Clerk of Superior Court, pending final judgment. Final judgment was to be rendered only after a hearing to determine decedent's competency[1]. All parties filed voluntary dismissals of the action prior to any competency hearing or final judgment.
In plaintiff's complaint, he contends that defendants first committed conversion by appropriating the disputed funds, then breached an oral agreement pursuant to which plaintiff agreed to dismiss his claims voluntarily against defendants provided that the disputed funds were deposited and held in the trust account of the Union County Clerk of Superior Court. By the terms of the alleged oral agreement, the funds were to be held there until decedent's death, whereupon an agreement would be reached by the parties concerning final disposition. The disputed funds should have been deposited into the trust account in early 1997.
Plaintiff contends that Wachovia failed to comply with this order, so in addition to the conversion and breach of contract claims, his complaint seeks enforcement of the 25 February 1997 order. On 9 May 2006, plaintiff, acting as executor of decedent's estate, filed a petition prior to the filing of this complaint requesting an order to compel Wachovia to comply with the 25 February 1997 order. Though not named in the petition, there is evidence that Robert Mills was a willing participant in that special proceeding. There is no indication in the record as to any final disposition in that special proceeding. Pursuant to an order filed 22 November 2006, the trial court ordered all assets of the estate in the control of plaintiff, Doris Greene and Tomberlin to be deposited in a trust account controlled by the Union County Clerk of Superior Court, and that all three file an accounting of those assets.
We note that there is no specific claim in plaintiff's complaint against Wachovia for its alleged failure to comply with the 25 February 1997 order, nor does plaintiff anywhere in his complaint specifically pray for the trial court to order enforcement of the that order.
Plaintiff at times refers to the claims against Wachovia as having been brought by himself, individually, and at other times as having been brought by him in his capacity as executor. However, in his brief, plaintiff states: "In the present lawsuit, the claim against Wachovia is made on behalf of the Estate to enforce a court order." (Emphasis added). We again note that the 9 May 2006 petition requesting an order compelling Wachovia to comply with the 25 February 1997 order was filed by plaintiffacting as executor of decedent's estate. As we already have held that plaintiff lacked standing to bring the instant action in his capacity as executor of decedent's estate, plaintiff's purported claim against Wachovia also was properly dismissed. N.C. Gen. Stat § 28A-13-6(e) (2007).
As far as the individual claims against defendants Doris Greene, Simpson and Tomberlin involving the transfer of the disputed funds are concerned, they are barred by the applicable statutes of limitations.
There is a three year statute of limitations in this state for conversion, North Carolina General Statutes, section 1-52(4)(2007), and for breach of contract. N.C. Gen. Stat. § 1-52(1) (2007). As a general principle neither 1-52(4), nor 1-52(1), contain a "discovery" clause. See White v. Consol. Planning, Inc., 166 N.C. App. 283, 310, 603 S.E.2d 147, 165 (2004); Brantley v. Dunstan, 10 N.C. App. 706, 708-09, 179 S.E.2d 878, 880 (1971). Assuming arguendo that plaintiff was entitled to the protection of a discovery clause for these claims, we hold they still are barred by the appropriate statutes of limitations. Plaintiff is required to protect his statutory rights with reasonable diligence. State Farm Fire & Cas. Co. v. Darsie, 161 N.C. App. 542, 547-48, 589 S.E.2d 391, 396-97 (2003). It was his burden to prove he could not have reasonably discovered the alleged conversion and breach of contract within the three year period of the statute of limitations. Id. In the instant case, plaintiff easily could have contacted the Union County Clerk of Superior Court at any time to verify deposit of the contested funds, yet failed to do so. This failure to confirm deposit within a reasonable time subsequent to the 25 February 1997 court order defeats any claim plaintiff might have had to avail himself of any tolling of the statute pursuant to a discovery clause. Id. The three year statutes of limitations for conversion and breach of contract had run by the time plaintiff filed the instant complaint. This argument is without merit.
Plaintiff further contends that the trial court erred in dismissing the claims he, as an heir, brought against defendants Doris Greene, Tomberlin, Nathan Greene, Helms and Simpson on behalf of the estate. We disagree. The trial court dismissed the claims brought by plaintiff in his individual capacity on the basis that he "cannot prove facts that would presently entitle him to relief," and "for failure to state claims upon which relief can be granted." The entirety of plaintiff's argument in his brief contesting the trial court's judgment in this matter consists of general statements that his complaint did contain facts that could entitle him to relief, and that he did state claims for which relief could be granted, followed by an attack on defendants' motions to dismiss. Plaintiff's argument is nothing more than a more verbose recitation of his assignments of error, and provides this court with no additional guidance, either in the form of argument or citations to relevant law, supporting his contention that the trial court erred. The only law cited by plaintiff established the standard of review for motions to dismiss pursuant to Rule 12(b).
Plaintiff has made no argument in his brief showing that any specific allegations of fact in his complaint support any specific claims for relief. Rule 28(b)6 of the North Carolina Rules of Appellate Procedure requires assignments of error to be supported in the brief by stated reasons or argument, and the argument to be supported by citation to authority. See also James River Equip., Inc. v. Mecklenburg Utils., Inc., 179 N.C. App. 414, 420, 634 S.E.2d 557, 561 (2006); North Carolina Trust Co. v. Taylor, 131 N.C. App. 690, 693, 508 S.E.2d 809, 811 (1998). An "argument" which effectively does nothing more than state that the trial court's judgment was made in error fails to meet the requirements of Rule 28(b)(6). Pharma research Corp. v. Mash, 163 N.C. App. 419, 428, 594 S.E.2d 148, 154 (2004); see also Dogwood Dev. & Mgmt. Co., LLC v. White Oak Transp. Co., 362 N.C. 191, 200, 657 S.E.2d 361, 367 (2008). "It is not the responsibility of this Court to construct arguments for a party." Foster v. Crandell, 181 N.C. App. 152, 173, 638 S.E.2d 526, 540 (2007); see also Viar v. N.C. DOT, 359 N.C. 400, 402, 610 S.E.2d 360, 361 (2005). This argument is deemed abandoned.
In light of our holdings above, we need not address plaintiff's additional arguments.
Affirmed.
Judges TYSON and STROUD concur.
Report per Rule 30(e).
NOTES
[1] Decedent was still living at the time.