An unpublished opinion of the North Carolina Court of Appeals does not constitute controlling legal authority. Citation is disfavored, but may be permitted in accordance with the provisions of Rule 30(e)(3) of the North Carolina Rules of Appellate Procedure.

NO. COA13-1467

NORTH CAROLINA COURT OF APPEALS

Filed: 20 May 2014

LCA DEVELOPMENT, LLC,

    Plaintiff,

    v.                             Pitt County
                                       No. 12 CVS 3376

WMS MANAGEMENT GROUP, LLC,

    Defendant.

Appeal by plaintiff from order entered 4 October 2013 by Judge Alma L. Hinton in Pitt County Superior Court. Heard in the Court of Appeals 6 May 2014.

    *Jordan Price Wall Gray Jones & Carlton, by Philip W. Paine, for plaintiff-appellant.*

    *Lanier, King & Paysour, PLLC, by Steven F. Johnson II, for defendant-appellee.*

    HUNTER, Robert C., Judge.

LCA Development, LLC ("plaintiff") appeals the order granting WMS Management Group, LLC's ("defendant's") motion for judgment on the pleadings. On appeal, plaintiff argues that the trial court erred by concluding that plaintiff breached the agreement by failing to comply with the default provisions of

the contract and that defendant was entitled to judgment as a matter of law.

After careful review, we dismiss plaintiff's appeal as interlocutory.

**Background**

Plaintiff owns two residential apartment complexes in Pitt County, North Carolina ("the properties"). Defendant is a North Carolina company that specializes in property management. On or about 31 December 2011, plaintiff entered into an "Exclusive Property Management Agreement" ("the agreement") with defendant. The agreement provided that defendant would, among other things: manage the properties; use its "best efforts" to solicit, secure, and maintain tenants; and collect all rents due. With regard to default, the agreement, in paragraph 20, specifically provided that:

> If either party defaults in the performance of any of its obligations hereunder, in addition to any other remedies provided herein or by applicable law, the non-defaulting party shall have the right to terminate this Agreement, if, within thirty days after providing the defaulting party with written notice of the default and the intent to terminate, the default remains uncured.

Moreover, the agreement provided that plaintiff would:

> Indemnify and hold [defendant] harmless to

> the extent allowable by law from any and all costs, expenses, attorneys' fees, suits, liabilities, damages or claims for damages, including but not limited to, those . . . in any way relating to the management of the Property by Agent or the performance or exercise of any duty, obligation or authority set forth herein or hereafter granted to [defendant], except to the extent that such may be the result of gross negligence or willful or intentional misconduct by [defendant].

Plaintiff claims that defendant failed to collect rents due from the tenants and failed to use its best efforts to manage the properties.

On 31 December 2012, plaintiff filed a complaint against defendant asserting a breach of contract claim. On 25 February 2013, defendant filed an answer, counterclaim, and motion to dismiss for failure to state a claim upon which relief can be granted. With regards to its counterclaim, defendant contended that plaintiff breached its contractual obligations by: (1) failing to first notify defendant in writing of a default and of its intent to terminate the agreement; (2) failing to provide defendant 30 days to cure any default as provided in the agreement; and (3) failing to indemnify and hold defendant harmless for conduct not amounting to gross negligence or willful or intentional misconduct. Plaintiff filed a response to defendant's counterclaim admitting that it did not provide

any written notice of default with notification of its intent to terminate the agreement nor did it provide defendant 30 days to cure any default.

On 30 August 2013, defendant filed a motion for judgment on the pleadings on its breach of contract counterclaim. The matter came on for hearing on 16 September 2013. The trial court granted defendant's motion for judgment on the pleadings. Specifically, the trial court dismissed plaintiff's claim for breach of contract with prejudice and held that plaintiff is liable to defendant on its counterclaim. Moreover, the trial court ordered a trial be held to determine the amount of damages plaintiff is liable to defendant. Before the trial on damages occurred, plaintiff appealed.

## Interlocutory Nature of Appeal

First, it should be noted that plaintiff is appealing an interlocutory order. "An order is interlocutory if it is made during the pendency of an action and does not dispose of the case but requires further action by the trial court in order to finally determine the entire controversy." *Trivette v. Yount*, __ N.C. App. __, __, 720 S.E.2d 732, 734-35 (2011), *affirmed in part, reversed in part on other grounds, and remanded*, 366 N.C. 303, 735 S.E.2d 306 (2012). Here, because the trial court's

order did not dispose of the entire case and ordered the amount of defendant's damages be determined at a trial, it is an interlocutory order.[1]

> [I]mmediate appeal of interlocutory orders and judgments is available in at least two instances. First, immediate review is available when the trial court enters a final judgment as to one or more, but fewer than all, claims or parties and certifies there is no just reason for delay. N.C.G.S. § 1A-1, Rule 54(b) []. . . . Second, immediate appeal is available from an interlocutory order or judgment which affects a "substantial right."

*Sharpe v. Worland*, 351 N.C. 159, 161-62, 522 S.E.2d 577, 579 (1999) (internal citations omitted). Because the trial court did not certify its order as immediately appealable pursuant to Rule 54(b), the burden is on plaintiff to establish that a substantial right will be lost if the trial court's order is not immediately reviewed. *Turner v. Norfolk S. Corp.*, 137 N.C. App. 138, 142, 526 S.E.2d 666, 670 (2000); *see also Jeffreys v. Raleigh Oaks Joint Venture*, 115 N.C. App. 377, 380, 444 S.E.2d 252, 254 (1994) ("It is not the duty of this Court to construct arguments for or find support for appellant's right to appeal from an interlocutory order; instead, the appellant has the

---

[1] In its brief, defendant claims that the trial court has stayed the trial on damages pending the appeal. However, this fact cannot be verified by the record.

burden of showing this Court that the order deprives the appellant of a substantial right which would be jeopardized absent a review prior to a final determination on the merits."). Plaintiff has failed to put forth any argument that this Court's failure to review the order immediately would deprive it of a substantial right; in fact, plaintiff's brief fails to include a statement of grounds for appellate review or even mention that the order is interlocutory. Furthermore, even if plaintiff included an argument that the order affected a substantial right, this Court has repeatedly held that "[i]t is well settled that a judgment which determines liability but which leaves unresolved the amount of damages is interlocutory and cannot affect a substantial right[.]" *Steadman v. Steadman*, 148 N.C. App. 713, 714, 559 S.E.2d 291, 292 (2002); *see also Tridyn Indus., Inc. v. Am. Mut. Ins. Co.*, 296 N.C. 486, 491, 251 S.E.2d 443, 447 (1979) (holding that the trial court's order granting summary judgment as to liability but ordering a trial as to the amount of damages was interlocutory and did not affect a substantial right). Accordingly, plaintiff is appealing a non-appealable interlocutory order, and we dismiss the appeal.

**Conclusion**

Because the trial court's order is interlocutory and does not affect a substantial right, we dismiss plaintiff's appeal.

DISMISSED.

Judges McGEE and ELMORE concur.

Report per Rule 30(e).